JONES *vs.* EHRLISCH.

Under the constitution of 1868 and the Code, §2016, cash must be invested before it is finally set apart as an exemption by the ordinary. An exemption of money is void as against a debt prior to 1877.

Homestead. Before Judge WRIGHT. Dougherty Superior Court. April Term, 1880.

This was a suit on notes made by D. W. Price & Son to Ives, Faulk & Co. Ehrlisch obtained possession of them and brought suit and garnished W. T. Jones for a sum of money he had in his hands belonging to D. W. Price, one of the defendants. Pending the suit against Price & Son, and before judgment against them, D. W. Price applied to the ordinary for homestead and

exemption, and had the same set apart to him in due form. He took the homestead and exemption for his family consisting of a wife and minor children. He forgot to include in his application the sum of money in the hands of W. T. Jones, but immediately upon the discovery of the omission, he made application for a supplemental homestead and exemption in accordance with the statute. The original homestead and exemption, as was the supplemental one, were duly passed by the ordinary, and the usual orders exempting the property from levy and sale were passed. The ordinary passed an order exempting the money of D. W. Price in the hands of W. T. Jones from process of law and vesting it in D. W. Price and family. When this was done, Jones paid the money over to Price, under the said order of the ordinary, less sixty dollars, which he retained in his hands.

The debt on which the garnishment and suit were founded was contracted subsequent to 1868 and prior to the adoption of the constitution of 1877. The jury found against the garnishee for the full amount that was in his hands, notwithstanding the fact that he had paid it all over to Price, the applicant for homestead and exemption, except sixty dollars, under the order of the ordinary.

Jones made a motion for a new trial, which was refused, and he excepted.

L. ARNHEIM; W. T. JONES; D. A. VASON; C. B. WOOTEN, for plaintiff in error.

D. H. POPE, for defendant.

CRAWFORD, Justice.

In this case an exemption in money was set apart by the ordinary for the benefit of the debtor's family, as against a debt contracted prior to 1877, and the question made by this record is, whether this can be done.

We hold that it cannot.   Because the constitution of 1868 declares that there may be an exemption of personal property to *the value* of one thousand dollars, *to be valued* at the time it is set apart, and that the general assembly shall provide by law for the *setting apart and valuation* of said property.   The legislature in pursuance of this constitutional provision, did enact, that when this personalty consisted in whole or in part of money, before the same shall be allowed by the ordinary, it shall under his direction be invested in personal property and returned by schedule, as is the case with other property, and in no case shall the allowance of cash without such investment be a valid exemption.   Code, §2016.

The ordinary having set apart and exempted by his final judgment, upon the application of D. W. Price, the sum of $265.00 in cash, the said exemption is illegal and void, and must be so held.

Judgment affirmed.