## JOHNSON *et al. vs.* DOBBS.

1. An applicant for exemption of personalty under the constitution of 1877 is only entitled to such exemption of the value of $1,000, as against a debt antedating that constitution.
(*a.*) There is no authority of law to set apart cash, under the constitution of 1877, as against a debt antedating such constitution, and then invest in realty, so as to defeat such debt.
2. While a purchase by an administrator from himself is voidable, yet if an heir at law elects to ratify such a sale, and brings suit for his share of the proceeds, a judgment so recovered has no superiority over other judgments against him, but ranks with them according to its date.

September 19, 1882.

Constitutional Law. Homestead. Judgments. Liens. Administrators and Executors. Before POPE BARROW, Esq., Judge *pro hac vice*. Jackson Superior Court. February Term, 1882.

Reported in the decision.

W. I. PIKE; S. B. SILMAN; W. C. HOWARD; REED & HEYWARD, for plaintiffs in error.

A. J. COBB, for defendants.

SPEER, Justice.

This was a rule to distribute money in Jackson superior court, brought by defendant in error against the sheriff. The presiding judge being disqualified, by consent of counsel, the case, both as to the law and facts, was sub-mitted to Pope Barrow, Esq., as judge *pro hac vice*, with

v 69—39

the right to either party to except. To the judgment in part as rendered by the judge *pro hac vice*, the defendant, Johnson, assigned as errors:

(1.) The ruling of the court with regard to the payment of the *fi. fa.* of S. C. Dobbs.

(2.) The ruling of the court with regard to the defendant's right to an exemption of only one thousand dollars in personalty as against contracts prior to the constitution of 1877.

(3.) The ruling of the court that the ordinary is not authorized to invest money in land, and, therefore, the whole exemption must be in personalty, and, therefore, could not exceed one thousand dollars, as against debts contracted prior to the adoption of the constitution of 1877.

(4.) The ruling of the court that, while the J. C. McElhannon claims antedated the constitution of 1877, being junior as to date of their judgment, would prevent it from having the excess against the Dobbs and Weatherly claims; and on the further ground that it was conceded on all hands that it was superior to all exemptions, and, therefore, must be paid out of the property or money which would be otherwise exempt.

The record shows the money in the hands of the sheriff (after disbursing a certain amount to claims admitted to be correct and proper by all parties) was the sum of $1,312.69; that it was the proceeds of the sale of lands of the defendant, Johnson, levied on by Dobbs' *fi. fa.*; that Johnson was the administrator of one McElhannon, and as such had sold said land at administrator's sale; that the same was purchased for him by one F. M. Holliday; that Holliday had advanced the money for Johnson to settle with one of the heirs of McElhannon's estate, and that to secure himself for this advance, he had taken the title to the land he had bought for the administrator, Johnson, at the sale, and had given him bond to make him titles on his paying the amount so advanced. It

further appears that a large part of the sum so advanced to Johnson by Holliday had not been repaid, and on a suit for a balance due, judgment had been recovered against Johnson in favor of Holliday's estate, he having died; that when this judgment (deemed purchase money) was paid, and certain cost, etc., it still left in the sheriff's hands for distribution among the claimants, the amount as above stated, being the proceeds of the sale of land which Johnson, the defendant in *fi. fa.*, had purchased at his own sale as administrator, through Holliday. It also appears to have been admitted by all parties, that the judgment of J. C. McElhannon, recovered in the court of ordinary against Johnson, his guardian, was superior to all homestead exemptions. It appears further that the *fi. fa.* of Dobbs was on a contract prior to the constitution of 1877; and further, that the claims of homestead and exemption, filed in the name of the ordinary for the use of Johnson's family, to the fund, was based on a homestead exemption granted by the ordinary under the constitution of 1877, to Johnson's family, and consisted of articles of personal property aggregating in value $219.75; also all the money in the sheriff's hands, $1,312.69. Under the facts of the case as they thus appeared in evidence, the judge *pro hac vice* held that the claim of the ordinary for the use of Johnson's family (as it appeared no realty was sought to be exempt) be allowed, consisting of personal property, $219.75 ; money in sheriff's hands, $1,312.69, subject to the following liens, etc.; and among those liens the judge held that the Dobbs *fi. fa.*, and one other, being founded on contracts prior to the constitution of 1877, were to be paid out of the money in the sheriff's hands as far as there is an excess over $1,000.00, after including in said $1,000.00 the $219.75 of articles named, thus leaving the sum of $532.44 to be applied to the Dobbs *fi. fa.* and one other, in the order of their dates.

1. We find no error in this ruling of the court. The Dobbs *fi. fa.* was on a contract prior to the constitution of

1877, and as that was not retroactive as against this debt of Dobbs, Johnson could only claim the exemption of personalty to the extent of $1,000, as provided for in the constitution of 1868. See constiution of 1877, Supp. Code, 695.

Holding as we do that all the exemption of personalty which plaintiff in error was entitled to as against debts prior to the constitution of 1877, was an exemption in personal property of the value of $1,000, and it appearing that the exemption sought to be protected is in money, we know of no authority vested by law in the ordinary to invest money after it is so set apart in real estate, as claimed for by plaintiff in error, as against debts existing prior to the constitution of 1877. On the other hand, it has been held in the case of *Jones vs. Ehrlisch*, 65 *Ga.*, 546, even as to personalty in money, that under the constitution of 1868, and the Code, 2016, cash must be invested before it is finally set apart as an exemption by the ordinary. An exemption of money is void as against a debt prior to 1877.

2. We see no error in the court holding that the McElhannon claim was not entitled to the excess in the hands of the sheriff in preference to the Dobbs *fi. fa.* As to that excess, both claims were good and had liens, but the Dobbs claim, being the oldest lien, was entitled to priority. The sale of the land by the administrator was voidable, he being the purchaser, but when an heir at law brings his suit for his share of such sale in an accounting, and procures a judgment therefor upon the proceeds of a sale of said land as the property of the administrator thereafter had, we do not see how the heir has any superior equity upon such fund as against other creditors, in favor of a judgment he may have thus recovered. He chose to ratify said sale, and held the administrator to account in money for it by suit, and he must stand as other creditors do as to the fund.

Judgment affirmed.