RICHARDS *vs.* JERNIGAN *et al.*, executors.

Under the constitution of 1868, and Code, §2016 (a), money cannot be finally set apart as an exemption by the ordinary, until it has been invested. An exemption of money is void as against a debt prior to 1877.

(*a*.) Therefore, where money had been brought into court under garnishment, based on a debt created in 1872, and the debtor claimed it, and, by equitable plea, stated that he was the head of a family consisting of himself and wife; that he desired to invest the money in a horse to be held by him as a part of the exemption allowed him under the law; that the fund was impounded at the time he applied for his exemption, and he could not, therefore, make an investment, and prayed that the verdict and judgment be so moulded as to secure to him the making of the investment—such equitable plea was properly stricken on demurrer.

April 17, 1883.

Garnishment. Homestead. Before Judge LAWSON. Greene Superior Court. September Term, 1882.

Reported in the decision.

JOHN C. REED; L. E. BLECKLEY, for plaintiff in error.

H. T. & H. G. LEWIS; W. H. BRANCH, by brief, for defendants.

HALL, Justice.

The defendants in error were judgment creditors of the plaintiff in error, and caused a garnishment to issue against one of his debtors, who answered that he had in his hands one hundred dollars belonging to the plaintiff in error, but since said amount came to his hands he had been notified by the said plaintiff that the same had been set aside as an exemption to his family under the homestead laws of this state.

This sum was impounded in the court, and the plaintiff in error filed an equitable claim thereto, wherein he set forth that he was the head of a family consisting of him-

self and wife; that he desired to invest the amount impounded in a horse, to be held as a part of the exemption allowed him under the law; that the fund was impounded at the time he applied for his exemption, and for that reason he was prevented from "making the investment;" that the same is needed for the support of his family. He prayed that the court of law would do what it would be incumbent upon a court of equity to do under the circumstances, and that he should have a verdict and judgment so moulded as to secure to him the making of the investment asked.

To this claim a demurrer was filed by the plaintiffs in the judgment, and the demurrer being sustained and the claim dismissed, judgment was awarded them against the garnishee. This ruling of the court below is excepted to, and upon this exception the judgment of this court is invoked. It appears from the record that the debt upon which this garnishment issued was contracted on the 5th of December, 1872. We must infer from what appears that the exemption was sought under the homestead allowed by the constitution of 1868, and the laws enacted in pursuance of the same; this being the case the question is not an open one here. *Johnson vs. Dobbs*, 69 *Ga.*, 605, determines it against the claim of the plaintiff in error.

Judgment affirmed.