Lane v. Partee and Wife

Constitution of Georgia, of 1868, denying jurisdiction to the Courts to enforce any fi. fa. founded upon a debt, the consideration of which was slaves or the hire thereof, was in conflict with the Constitution of the United States and void. He was requested to charge the jury, that under said admission they should find that the consideration of the debt on which this fi. fa. was founded was slaves. He refused so to charge. The jury returned a verdict as follows: "We, the jury, sustain the levy." Thereupon the Court ordered said fi. fa. to proceed.

Spires' counsel sued out a writ of error upon the grounds that the Court erred in allowing argument before the jury, and in allowing them to pass upon said issue, after said admission, and in charging as he did, refusing to charge as requested, and in ordering the fi. fa. to proceed.

Frank H. Miller, by W. W. Montgomery, cited Shorter v. Cobb, 39th Ga. R., 285; White v. Hart, Ib. 306.

No appearance for defendant.

---

202  *DAWSON B. LANE et al., plaintiffs in error, v. ABNER L. PARTEE and WIFE, defendants in error.

(Atlanta, June Term, 1870.)

BRIEF OF EVIDENCE—AGREEMENT THAT BRIEF CORRECT—ESTOPPEL.—Where the returns of a guardian were used as evidence in the Court below, and in making up the brief of evidence for a new trial a summary of them was put in, and counsel agreed in writing that said brief was correct, they are estopped from moving to dismiss the bill of exceptions, because said returns were not set out in extension the bill of exceptions. (R. See Report.)

ENFORCEMENT OF TRUST—PURCHASE BY TRUSTEE IN HIS OWN NAME—MORTGAGEE WITHOUT NOTICE*—RES JUDICATA.—A bill was filed by P. and wife against T. and others,

---

*MORTGAGEE WITHOUT NOTICE—EFFECT OR SECRET LIEN.—"A mortgagee who in good faith parts with his money, in ignorance that a person other than the holder of the legal title has a secret equity in the mortgaged property, stands precisely in the attitude of a bona fide purchaser and is entitled to the same protection. Thrasher v. Partee, 37 Ga. 392; Lane v. Partee, 41 Ga. 202; Sumner v. Bryan, 54 Ga. 614; Lewis v. Mortgage Co., 94 Ga. 573." Parker v. Barnesville Sav. Bank, 107 Ga. 657, 34 S. E. Rep. 365.

"The rule that a mortgagee, to the extent of his interest in the land mortgaged, stands upon the same footing as any other bona fide purchaser without notice, has been repeatedly recognized. (Lane v.

for.the purpose of enforcing a trust created by the last will and testament of Stallings, the grand-father of the complainant's wife, alleging that certain lands which were devised by the testator to his said granddaughter, had been sold by the executors, under the power and authority given to them by the will for that purpose, which lands were purchased by Lane, the father of the complainant, at such executor's sale, and the title thereto was conveyed by said executors to said purchaser in his individual name, though alleged to have been paid for with the trust funds belonging to the complainant. The land was sold by the executors in December, 1858. In April, 1866, Lane, the purchaser of the land, borrowed from Thrasher $2,600.00, and executed a mortgage on the land to T., to secure the payment of the money. On the trial of the cause the Court charged the jury, that, at their option, the cestui que trusts might follow their fund whereever it could be traced, or ratify the use made of it by the trustee, and that if a portion of said land was brought with their funds, they could follow the funds so invested, and the trustee could not create a lien on the trust estate.

*Held,* That this charge of the Court, in view of the evidence contained in the record, was error; that a mortgagee, to the extent of his interest in the land mortgaged, stands upon the same footing as any other bona fide purchaser without notice of the trust, and that the Court should so charged the jury; the more especially, as this principal of the law was distinctly recognized and adjudicated by this Court between these same parties, in the case reported in 37th Georgia Reports, 392, ordering the injunction granted to restrain Thrasher, the mortgagee, from enforcing his mortgage against the land to be dissolved.

CONTINUANCE—TRAVERSE OF SHERIFF RETURN—APPEARANCE.†—From the facts disclosed by the record, there was no error in the Court below in refusing the motion for a continuance for the purpose of allowing Lane to traverse the return of the sheriff as to the service of the bill on him, or in refusing to allow the sheriff's return of service to be traversed after the defendant, Lane, had appeared in the cause as a defendant, and participated in the litigation.

Trusts and Trustees. Purchaser. Notice. Before Judge Robinson. Morgan Superior Court. May Adjourned Term, 1869.

*This cause was before this Court before: See Thrasher et al., v. Partee and wife, 37th Georgia Re-

---

Partee, 41 Ga. 202; Broome *v.* Davis, 87 Ga. 584); and an innocent purchaser of land, for value and without notice, is protected against any secret equity which another has in such land." Walden *v.* Brantley Co., 116 Ga. 301, 42 S. E. Rep. 503.

See also, citing the principal case, Sumner *v.* Bryan, 54 Ga. 621; Broome, *v.* Davis, 87 Ga. 586, 13 S. E. Rep. 749. See foot-note to Thrasher *v.* Partee, 37 Ga. 392.

†TRAVERSE OF SUMMONS AND RETURN—WAIVER OF OBJECTION BY APPEARANCE.—"We are all agreed that the defendant in error, after it had appeared and filed an answer, admitted indebtedness to the defendant in attachment, and offered and tendered the money in court, in discharge of its liability under the garnishment, was too late to tender an issue and traverse as to the legality of the summons of garnishment or return of the sheriff. Appearance and pleading waived all objection to the process and return of the officer. Code, § 3335. (Lane *v.* Partee,) 41 Ga. 202; (Irwin *v.* McKee,) 25 Ga. 646; (Arnold *v.* State,) 51 Ga. 144; (Sindall *v.* Thacker,) 56 Ga. 51; (Dalton R. Co. *v.* McDaniel,) 56 Ga. 195; Blalock *v.* Tidwell,) 56 Ga. 517; (Phillips *v.* Thurber,) 56 Ga. 394; (Edwards *v.* Ross,) 58 Ga. 147; (Dozier *v.* Lamb,) 59 Ga. 463." Flournoy *v.* Rutledge, 73 Ga. 738.

ports, 392, where the bill and answers of Thrasher are fully reported. The sheriff returned on the 8th of June, 1867, that the bill was served on Lane by leaving a copy at his most notorious place of abode. On the 2d of September, 1867, Lane filed a traverse, averring that the paper so left by the sheriff was not a copy, but only a few detached sheets, being part of a copy of the bill. When the cause was called for trial, Lane's counsel objected to going on until said traverse was disposed of. Counsel for complainants produced from the Clerk's office the answer of Lane to the bill and the amended bill. The answer to the original bill had not been sworn to or signed by Lane, nor had the Clerk ever entered it as filed in his office. And Lane's counsel stated that he did not put said answers in the Clerk's office, but supposed they were in his own office, and burnt when his office was burnt, and had been preparing to make other answers, and that he never intended to file said answers till after the said traverse was disposed of; that the cause was returnable to September term, 1867; was not entered upon the docket or reached and called till this term. Lane's answer to the amended bill was drawn by Mr. Thrasher, one of defendants, Thrasher's solicitors, and appeared to have been sworn to and prescribed by Lane on the 9th of September, 1868. Upon this showing, as stated in the bill of exceptions, the Court ordered the trial to proceed without regard to said traverse. (The trial began on the 21st. of May, 1869, and the record shows that the original answer of Lane was sworn to and attested by the Clerk of said Court on the 19th of May, 1869.) Lane answered that he received as such guardian some slaves and $17,168 87, his notes, i. e., one held by Stallings before he died,) which was not over $2,800 00, but as Lane remembered, was for about $1,400 00,) and his notes given to the executors for land and other property bought at the sale, were received by said executors as cash, were charged against him as cash, and was so regarded and treated in his returns *to the Court of Ordinary; that he did not invest the money in the purchase of land or other property, but purchased the land and some other property, at said executors' sale, more than twelve months before his appointment and qualification as guardian, and gave his individual note for said property, and the executors delivered him the other property and conveyed by deed the lands to him in his individual capacity; after his appointment and qualification, upon settling with the executors, he received his said notes from them as cash paid to him as guardian; that he did not owe Stallings when he died for any land, but had paid him for all the land he had ever bought of him; owed him said note for money borrowed and spent for another purpose; that regarding said land as bona fide his own, he borrowed the money from Thrasher and gave him a mortgage on said lands and another tract which he owned before Stallings' death, to secure its

payment. He admitted the insolvency of his securities, and virtually admitted that he was insolvent. The other parts of his answer are not material. Upon the trial, after the reading of the bill and answers and amendments to each, complainant introduced "the records of the Court of Ordinary of said county, containing receipt of Andrew J. and Thomas J. Stallings, executors of William Stallings, by Dawson B. Lane, guardian, for negroes, of the aggregate value of $8,750 00, also for the sum of $17,183 44, as part of the distributive share coming to William and Emma Lane, dated April 2d, 1860."

Thomas J. Stallings testified that he was one of said executors, and at the sale Lane bought the land in dispute and gave his note for it, and personal property then bought; that he bid off the land at $8,768 25; that Lane was appointed by the will of Stallings as guardian of William, (now dead,) and Emma, (Now Mrs. Partee,) and it was understood at and before the sale that the property purchased by Lane should go as part of the share of said William and Emma, and the amount mentioned in said receipt shown by the said records is correct; that on the settlement, Lane's note was given up and his receipt was taken for said note as so *much cash; the note was Lane's individual note, and the deed was made to Lane individually and not as guardian. He further testified that Lane did not give bond as guardian because he was appointed by the will, but learning that this was error, he notified the Ordinary, who required Lane to give bond, and Lane appealed to the Superior Court, where the Ordinary's judgment was sustained.

The insolvency of Lane's sureties and the death of said William while an unmarried minor, having been shown, complainants closed their case.

The defendants relied solely upon their answers. They requested the Court to charge the jury that "unless complainants showed that Thrasher had notice of the trust (if any) in the land, he must recover the amount of his mortgage fi. fa. The Court refused so to charge, but on the contrary charged that, at their option, the cestui que trusts might follow their fund wherever it could be traced, or ratify the use made of it by the trustee, and that if a portion of said land was bought with their funds, they could follow the funds so invested and the trustee could not create a lien upon the trust estate.

The jury found $19,800 00 against Lane as guardian, and that Thrasher's lien was good against the land owned by Lane in Stalling's life-time, but that Thrasher had no lien on the land bought by Lane at said executor's sale, and that a writ of possession issue in favor of complainants for said last named lands.

Counsel for defendants moved for a new trial upon the ground that the Court erred in urging the cause to trial before submitting Lane's traverse of the return of service to trial, in charging as he did and in refusing to charge as re-

quested, and because the verdict was contrary to law, etc. Some other points were made upon the charge, but as they are not passed on, they and the parts of the charge applicable to them are omitted.

The Chancellor refused a new trial, and that is assigned as error on said grounds. It was sent up to December Term, 1869, of this Court. When it was called, counsel for defendant in error moved to dismiss the writ of error upon the *ground, that the bill of exceptions was not certified till more than thirty days after the refusal of a new .trial, and that without any explanation of the lapse of time; and because the evidence was not embodied in the bill of exceptions. The Court dismissed it upon the first ground without passing upon the last.

Subsequently the cause was re-instated. See Lane v. Robenson, Judge. The cause being called at this term, the motion to dismiss was again urged on said second ground. It was objected that it was res adjudicata. The Court held that it was not, as that point was not passed upon. The objection was, that the records of the Court of Ordinary. used as evidence below, were not copied or otherwise shown in the bill of exceptions, except as quoted ante. This evidence, as therein stated and here quoted, was in the. words of the agreed brief of the evidence, and the counsel had agreed in writing on said brief, that it "is a correct brief of the evidence produced." The Court refused to dismiss, holding that counsel was estopped by said agreement from urging said objection.

B. H. Thrasher, J. H. Billups, J. D. Pope, for plaintiffs in error, said the traverse should have been tried: Irwin's Code, secs. 3264, 3555. Mortgagee is like purchaser: 2 Blacks. Com., 435; 2 Story's Eq., secs. 1013, 1015, 1016; 2 Fonblanque Eq., 257; 1 Powell on Mortg., 11, 2, 46; 4 Kent's Com., 158-160; and has rights of purchaser without notice: 7th Ga. R., 534; 6th, 111; 10th, 356; 14th, 159; Irwin's Code, secs. 2838, 2597, 3037, 3525, 2303. 2 Powell on M., 649; for definition of purchaser: 1 Black. Com., 215; 2,242; Jacob's L. Dic.; 2 Powell on Mortg., 658, 660, 664, 655; 18th Ga., 466. Right to sell includes right to mortgage: 1 Kelly, (Ga. R.,) 193; 1 Powell on M., 649, and said this case was res adjudicata: 37th Ga. R., 392.

A. Reese, for defendant, said the failure to try traverse was not error, because sworn answer of Lane to amended bill was in Clerk's office, and if error, was harmless: Sec. 2303 *was intended solely for technical trustees. Guardian can not bind Ward's Estate: Irwin's Code, secs. 1828, 2309. Purchaser without notice from trustee is protected against equity title, but not against legal title: 16th Ga. R., 190. The trust funds may ·be traced, etc.: Irwin's Code, sec. 2307; 18th Ga. R., 513; 2 Story's Eq., sec.

Sims & Co. v. Humber

1258; 19th Ga. R., 66; Pt. 1st Ga. Decis., 109. A mortgagee is not purchaser in this State: 1st Kelly, (Ga. R.,) 176; 7th Ga. R., 183; 26th, 197.

WARNER, J.

The error assigned to the judgment of the Court below, is the overruling the motion for a new trial. In our judgment there was no error in the refusal of the Court to continue the cause for the purpose of allowing Lane to traverse the return of the sheriff, as to the service of the bill on him, or in refusing to allow the sheriff's return of service to be traversed at the trial term of the case, after Lane had appeared in the cause as a defendant, and participated in the litigation.

The Court was requested to charge the jury, "that unless complainants showed that Thrasher had notice of the trust, (if any,) in the land, he must recover the amount of his mortgage fi. fa." The Court refused so to charge, but on the contrary charged the jury, "that at their option, the cestui que trusts might follow their fund wherever it could be traced, or ratify the use made of it by the trustee, and that if a portion of said land was bought with their fund, they could follow the fund so invested, and the trustee could not create a lien upon the trust estate." In view of the facts of this case as shown by the record, we are of the opinion, that the Court below erred in not charging the jury as requested, and in the charge as given to the jury in relation to this branch of the case. Thrasher claimed to be a bona fide mortgagee of the land from Lane, who had the legal title thereto, for a valuable consideration, without any notice of the trust which the complainants were seeking to enforce against the land. A bona fide mortgagee, to the extent of his interest in *the land mortgaged, stands upon the same footing as any other bona fide purchaser without notice of the trust, and the Court should have so charged the jury, the more especially as this principle of the law was distinctly recognized and adjudicated by this Court between the same parties, in the case reported in 37th Georgia Reports, 392, ordering the injunction granted to restrain Thrasher, the mortgagee, from enforcing his mortgage against the land to be dissolved. Let the judgment of the Court below be reversed.