Ezekiel Brown, plaintiff in error, *vs.* William T. Crane, defendant in error.

Where " M " held a tract of land under bond for titles from " W " and sold the same to " C," executing a bond to make a fee simple title so soon as he obtained a title from " W," " C " paying the purchase money in full, and " B," with a full knowledge of these facts, con-

federating with others, by threats, etc., induced "M" to sell the land and to transfer to him "W's" bond, under which transfer "B" procured a deed from "W":

*Held*, That a demurrer to a bill filed by "C" setting up the foregoing facts and praying that "B" may be decreed to execute him a title to said land, was properly overruled. (R.)

Equity. Bond for titles. Fraud. Before Judge KNIGHT. Towns Superior Court. November Term, 1872.

For the facts of this case, see the decision.

WIER BOYD; M. L. SMITH, for plaintiff in error.

No appearance for defendant.

WARNER, Chief Justice.

The complainant alleges in his bill that, on the 16th day of March, 1864, he purchased from one Maulden a certain described tract of land in the county of Towns, and paid him therefor the sum of $500 00, and took Maulden's bond to make him a fee simple title to the land so soon as Maulden got a title to the land from Wyley, whose bond for title Maulden held. The complainant went into possession of the land, planted a portion of it in corn and went to the State of Tennessee, leaving a negro woman to cultivate it; that in the month of December, 1864, the defendant, Brown, confederating with one Dilles and others, by threats, etc., induced Maulden, who was an old man, to sell the land to him and assign to him Wyley's bond for title; that Brown went into the possession of the land, under his purchase from Maulden, with a full knowledge that the complainant had purchased and paid for the land, as before stated, and procured a deed therefor to himself from Wyley, or his legal representatives. The prayer of the bill is that Brown may be decreed to execute a title to the land to the complainant. The defendant demurred to the complainant's bill for want of equity, which was overruled by the Court, and the defendant excepted. In our judgment, there was no error in the Court below in over-

ruling the demurrer to the complainant's bill, on the statement of facts alleged therein.   The purchase of the land from Maulden by the defendant, in the manner as charged and set forth in the complainant's bill, with full knowledge that the complainant had previously purchased and paid for the land, was such a transaction as, in equity and good conscience, cannot be sanctioned.   The view which a Court of equity will take of it is to regard the defendant as holding the legal title to the land in trust for the benefit of the complainant, who had previously purchased and paid for it, and of which fact the defendant had full knowledge at the time he purchased the land from Maulden and procured the legal title thereto to himself.

Let the judgment of the Court below be affirmed.