Morris *vs.* Tennent.

JULIA A. MORRIS, plaintiff in error, *vs.* GILBERT TENNENT, defendant in error.

When exempted personalty has been exchanged, whether legally or not, for property of like kind, the latter stands, as against the husband's creditors, in the place of the former, so long as the exchange is not repudiated by any of the parties in interest. The family are entitled to retain the substituted property, either for enjoyment or for restoration to the true owner.

Homestead. Levy and sale. Claim. Before Judge KNIGHT. Cobb Superior Court. November Term, 1875.

Reported in the opinion.

GEORGE N. LESTER; GARTRELL & DUNWOODY, for plaintiff in error.

W. T. & W. J. WINN, for defendant.

BLECKLEY, Judge.

Under the homestead and exemption laws, certain personalty was set apart as exempt, by approval of the ordinary, in 1869. Afterwards, one of the horses included in the schedule was exchanged by the head of the family for another horse, and this latter was exchanged for a third. The first exchange was not approved by the ordinary; the second probably was. In 1875, an execution from a justice court, issued in 1874, against the head of the family, was levied upon the third horse. A claim was interposed by the wife, (on her own behalf, and of her children) founded on the homestead or exemption right. The justice of the peace held that the property was not subject. On *certiorari* the superior court held that it was subject.

When exempted property has been exchanged (whether legally or not) for other property of like kind, the latter stands in place of the former, so long as the transaction is not repudiated by any of the parties in interest. A creditor who is not injured thereby, cannot complain. If any of his debtor's effects not exempt have gone into the new property, he can,

by a proper proceeding, subject it to that extent; but if the new property, as in the present case, has been wholly paid for by the old, the right of the family is superior to the right of a creditor, until the consideration has been restored. By the act of 1876, pamphlet, page, 51, passed since this case was decided in the court below, the proceeds of homestead property are treated as chargeable to the family when the benefit thereof has been enjoyed by the family. There is a strong backbone of equity in that principle; and, as a consequence, there is much reason for allowing the family to hold on to the proceeds, either for enjoyment, or for restoration to the true owners in case the family should reclaim the homestead property because sold illegally.

Judgment reversed.