SIDNEY B. CHENEY, plaintiff in error, *vs.* J. P. ROSSER, defendant in error.

[This case was argued at the last term and decision reserved.]

When land set apart as a homestead has been sold and conveyed by the husband and wife, with consent and approval of the ordinary, and the proceeds have been invested in other land, this other land will stand in place of the homestead, as to all persons charged with notice of the investment—so long, at least, as the original homestead is not reclaimed by, or restored to, the family.

Equity. Homestead. Before Judge Wright. Rockdale Superior Court. September Term, 1876.

Report unnecessary.

CLARK & PACE, by brief, for plaintiff in error.

J. J. FLOYD, for defendant.

BLECKLEY, Judge.

This was a bill to enjoin the statutory action for land, described in 54 *Ga.*, 168. On the hearing of the bill, the court charged the jury, in effect, that the purchaser of the land would be as well protected with notice as without it. This charge cannot be reconciled with the opinion of the supreme court, as reported in 54 *Ga.*, *supra.* The view expressed in 56 *Ga.*, 577, that homestead property will be represented by other property of like kind for which it has been exchanged, so long as the original property is not reclaimed or restored, seems to us correct The principle involved in that ruling is broad enough to comprehend a sale, followed by investment of the proceeds in similar property. The act of 1876, pamph. 51, provides for adjusting equities between families and purchasers in certain cases. Whether that act is or is not applicable to the present litigation, was not made a question in the court below, nor in this court. The jury were misdirected, and for that

reason, (the verdict being in favor of the complainant,) a new trial is ordered.

Judgment reversed.