## DODD & COMPANY *vs.* THOMPSON.

Where a stock of goods has been set apart as an exemption of personalty, and in the regular course of trade, they have been sold and other goods purchased with the proceeds, although this was done without any order of court, the goods so purchased would be exempt from levy and sale, it not appearing that they exceed in value the original exemption.

Homestead. Before Judge HILLYER. Fulton Superior Court. March Term, 1879.

Reported in the decision.

T. P. WESTMORELAND, for plaintiffs in error.

HULSEY & McAFEE; W. M. BRAY, for defendant.

WARNER, Chief Justice.

This was a rule against a constable for failing to levy on certain described property of the defendant on the following agreed statement of facts: "It is admitted that Accorsini, the defendant, has an exemption under the laws of Georgia of personalty, that the candy, nuts and fruits that Thompson was ordered to levy on are not the identical candy, nuts and fruits that the homestead of Accorsini embraces. They are the proceeds of the sale of candy, nuts

and fruits exempt under the homestead law. The candy, nuts and fruits exempted by the ordinary were sold by Accorsini, as a merchant, without any order of the judge, in the due course of trade, and the proceeds invested in other candy, nuts and fruits. This change has been made two or three times since the property above named was exempted, and before the constable was ordered to levy on the property named. It is further admitted that the constable was ordered to make the levy as set out in the traverse." The court rendered the following judgment: "After argument in the within case, it is ordered by the court that the rule be discharged on the ground that, under the agreed statement of facts, the property is not subject to levy and sale, even though not identical with that originally contained in the schedule, but proceeds of the same and substituted for it. If irregularly substituted the beneficiaries of the homestead estate may complain, but the creditors are not injured. Let the rule be discharged." Whereupon the plaintiffs excepted.

This case comes within the ruling of this court in *Johnson vs. Frank & Whitney*, decided during the present term (not yet reported), and is controlled by it, there being no evidence that the present stock of candy, nuts and fruits levied on exceeds in value that of the original stock exempted. This case differs from that of *Smith vs. Turnly*, 44 *Ga.*, 243; in that case the defendant, Smith, had "a large lot of *other* drugs and medicines" added to his stock which did not affirmatively appear to have been purchased with the *proceeds* of the exempted property.

Let the judgment of the court below be affirmed.