## FINCH *et al. vs.* BEAL.

1. One who buys with notice of an equity buys subject thereto.
2. Actual possession of land is notice to the world of the rights of the occupant therein, and one who buys while such actual possession continues is affected with notice.

(*a.*) D. sold land to H. and gave him bond for titles, only a part of the purchase money being paid. H. sold a part of the land to B., receiving a part of the purchase money and giving bond for titles ; B. went into actual possession. Afterwards H. sold to F. the remaining portion of the lot (less a small lot sold to a third party), gave bond for titles, and agreed to erect certain improvements. After paying H. in full, F. being alarmed about the title, took an assignment of the bond for titles held by H., paid the balance due thereon, and took a deed from D.:

*Held*, that F. was subrogated to the position of H. and not of D.; that he bought with notice ; and upon the payment of balance of purchase money due by B., equity will compel F. to make titles to him. Especially so, where, at the time of taking the assignment of the the bond from H., F. agreed to protect B.

Title. Contracts. Notice. Before Judge POTTLE. Clarke Superior Court. November Term, 1881.

Reported in the decision.

GEO. D. THOMAS, for plaintiffs in error.

S. P. THURMOND ; A. L. MITCHELL ; L. & H. COBB, for defendant.

SPEER, Justice.

The defendant in error filed his bill in Clarke superior court, alleging in substance, that one Floyd Hill bought

a certain lot in Athens from A. P. Dearing, at the price of $1,500.00, for which he gave his note and took Dearing's bond for titles; that complainant then bought one-fourth of said lot from Hill, taking his bond for titles, paying him $200.00 in cash and his note for $150.00; that he went into possession of the lot purchased, and erected valuable improvements thereon; that subsequent to his purchase, and with full knowledge thereof, the plaintiffs in error, L. F. & J. F. Finch, bought from said Hill one-half of said lot at $1,200.00, Hill also agreeing to erect a certain house thereon and other improvements; that the remaining one-fourth of the lot Hill sold to Lewis; that after this, Hill and the Finches confederated to defraud him, complainant, out of his land so purchased, and Hill transferred to the Finches his bond for title held from Dearing, and Dearing, in pursuance of said transfer, has made a deed to the whole lot to the Finches, they paying him $1,264.co, the balance of purchase money due by Hill to Dearing; Hill is insolvent, and the Finches are threatening to eject complainant from his lot. Complainant prays so much of Dearing's deed to the Finches as covered the lot of complainant, bought of Hill, be canceled, and Dearing be decreed to execute titles to him on payment of balance of purchase price, or that the Finches make title to complainant for said one-fourth upon such payment, and in the meantime the Finches be enjoined from interfering with complainant's possession of said lot.

To this bill the Finches filed their answer. On the trial thereof, the jury, under the charge of the court and evidence submitted, found a verdict in favor of the complainant, " that upon his paying to the Finches the balance due on his note to Hill, that the Finches should make to complainant a quit claim deed to the premises in dispute." Whereupon defendants below made a motion for a new trial in said case on various grounds, as they appear in the record, which was overruled by the court, and they excepted.

The record discloses the following facts in the case:

That Floyd Hill bought of A. P. Dearing an acre lot in the city of Athens, for which he agreed to pay him the sum of fifteen hundred dollars, and gave his note for that amount, receiving from Dearing a bond for titles to be made on the payment of the purchase money; that soon after said purchase he sub-divided said lot, and sold one-fourth of it to the complainant, Beal, receiving therefor two hundred dollars cash and his note for one hundred and fifty dollars, due at the end of the year. He, thereafter, sold another fourth of the lot to Lewis, and retaining the east half of the lot as originally purchased, he commenced improving it. It was fenced off from the other lots. After buying his lot, complainant moved a stable on it and fenced it, dug a well, etc., the whole amounting in value to some two or three hundred dollars; that after the sale of the lots to Beal and Lewis, Floyd Hill sold the eastern half of the lot he had commenced improving to the defendants, the Finches, agreeing to build them a house on it, and receive for lot and improvements $1,200.00. It further appears that Hill had paid Dearing only about three hundred and fifty dollars on the purchase of the lot. The Finches, becoming uneasy, (as they had paid Hill the twelve hundred dollars promised for the house and lot) procured Hill to assign them the bond for titles he held of Dearing, on certain terms stated in the assignment, and then paid Dearing the balance due, to-wit: $1,264.00 on the lot, owing by Hill. The proof also shows that at the time, or before the assignment of the bond by Hill to Finch, as an inducement and part consideration of the assignment, he promised Hill that he would protect Lewis and Beal, to whom Hill had sold and who held his bonds for title. The Finches, after procuring the title, refused to make title to Beal, demanded rent and threatened to eject him; whereupon Beal filed this bill to compel the Finches to make him a title on payment of the balance of the purchase money.

"He who takes with notice of an equity takes subject .

to that equity." Beal, the evidence shows, was in pos-session of and improving the lot he purchased of Hill long before the Finches intervened to secure a transfer of Dearing's bond from Hill. It is clear that Beal, having paid two hundred dollars cash on the lot, when he bought, had an equity to that extent in the title thereof, and being in possession under that purchase, the rule, often recognized by this court, would apply that, "the actul possession of land is notice to all the world of whatever rights the occupant really has in the premises, and the vendor cannot convey to any other person without such person being affected with notice." 47 *Ga.*, 483 ; 61 *Ib.*, 608 ; 48 *Ib.*, 885.

With Beal in possession, when Finch intervened and took a transfer of the bond for titles from Hill and procured a deed from Dearing, he placed himself in the shoes of Hill so far as Beal was concerned, and much more would this be true if, at the time of taking the transfer of the bond from Hill, he agreed with him, as some of the witnesses testify, that he would protect Beal and Lewis in the possession of their lots, sold by Hill to them, and for which they held his bond for title.

We do not agree with the counsel for plaintiff in error in assigning to the Finches the position of Dearing, the original vendor. They occupied Hill's place as the vendee when they claimed the fulfilment of the bond he held as transferee. They could claim no more rights under that transfer, and the title made in pursuance thereof, than Hill could, when they bought with full notice of Beal's equity, and as such they must do what equity would compel Hill to do—specifically to perform and fulfil the contract Hill had made with Beal. Under our view of the law and facts of this case, we see no error in the instructions given by the court to the jury, nor any such error as complained of in the motion for new trial as would lead us to reverse the judgment.

The evidence, we think, sustains the verdict ; the credibility of the witnesses was a question for the jury, and we think the law was fairly administered.

Let the judgment below be affirmed.