## LEGGETT & COMPANY *vs.* VAN HORN *et al.*

An exemption can be set apart to a debtor in choses in action as well as in any other species of property; and when so set apart, it is free from judicial interference. Therefore, where a judgment creditor had garnished the executor of the estate of the defendant's deceased father, in order to subject the interest of the defendant therein, and the defendant, as head of a family, had set apart to him as an exemption certain choses in action bequeathed to him by his father's will, it was proper to refuse to enjoin the executor from turning over to the defendant the choses in action so set apart, and to refuse to appoint a receiver to take charge of the exempted assets and invest them so as to secure the plaintiff after the termination of the homestead estate.

March 30, 1886.

Homestead. Equity. Injunction and Receiver. Before Judge ADAMS. Chatham Superior Court. December Term, 1885.

Reported in the decision.

CHARLES N. WEST, by KING & SPALDING, for plaintiffs in error.

LESTER & RAVENEL, for defendants.

BLANDFORD, Justice.

The plaintiffs in error obtained a judgment against George S. Van Horn, and on said judgment sued out process of garnishment directed to John C. Taylor, as execu-

tor of Charles S. Van Horn, deceased, the father of defendant in execution, to subject the interest of George S. Van Horn in his father's estate to the payment of the judgment of the plaintiffs in error. Pending this garnishment proceeding, George S. Van Horn applied to the ordinary, and had set apart to him as an exemption, he being the head of a family consisting of himself and wife, certain choses in action, willed and bequeathed to him. The plaintiffs then filed this bill, and, under the facts aforesaid, prayed that Taylor, the executor of Charles S. Van Horn, be enjoined from turning over to George S. Van Horn the choses in action set apart to him as an exemption by the ordinary ; also for the appointment of a receiver to take charge of the assets so exempted and invest the same so as to secure the plaintiffs after the termination of the homestead estate. The chancellor refused the injunction and the prayer for the appointment of a receiver, and this decree is here complained of on error.

Under the constitution and laws of this state, an exemption can be set apart to a debtor in choses in action as well as any other species of property, as has been frequently decided by this court, and when so set apart is as free from judicial interference. *Jolly vs. Lofton,* 61 *Ga.*, 154.

The court had no jurisdiction, under the allegations in the bill, to interpose by injunction or receiver. The exemption was allowed for the benefit of the debtor and to the detriment of the creditors, and when properly set apart, the courts have no jurisdiction to interfere therewith at the instance of creditors as long as the same continues.

Judgment affirmed.