THE EMPIRE LOAN AND BUILDING ASSOCIATION vs. THE
CITY OF ATLANTA.

In 1883, one P., being indebted to a loan and building association,
made a deed to it, conveying certain land as a security for the debt.
In 1884, the city of Atlanta assessed taxes against the association
and issued an execution against it for $450, which was levied on
the lot, and the marshal sold it, the city becoming the purchaser.
Subsequently, within the twelve months allowed for the redemp-
tion of property sold at tax sales, an execution was issued by the
city against the same lot and P., as the owner, for an assessment
for curbing and paving the street opposite the lot, and at the sale
under this execution, the association became the purchaser for $37;
in February, 1885. After the expiration of twelve months from
the first sale, the city advertised the lot for sale as its own, and
the association filed a bill to enjoin this sale:
*Held*, that there was no abuse of discretion in refusing the injunction.
No irreparable loss or injury is to be apprehended from its refusal.
The association is already in the possession of the property, which
of itself gives notice to the world of the title by which it holds; and
further, the pendency of the bill gives notice of the claim of the
complainant.

October 26, 1886.

Municipal Corporations. Tax. Title. Injunction. No-
tice. Before Judge MARSHALL J. CLARKE. Fulton Supe-
rior Court. March Term, 1886.

Reported in the decision.

WEIL & BRANDT, for plaintiff in error.

J. B. GOODWIN; J. T. PENDLETON, for defendant.

BLANDFORD, Justice.

E. R. Pyle conveyed to plaintiff a certain lot in the city
of Atlanta to secure the payment of certain moneys which
he owed the association in 1883. The city of Atlanta as-
sessed the association for taxes for the year 1884, and in
November of that year, this lot was sold and purchased by

the city under tax execution and sale by the marshal. In February, 1885, execution having been issued for assessment for curbing and paving the street opposite this lot by the city against the lot and E. R. Pyle, the owner, the same was sold and purchased by the association, the marshal making a deed to it, the price being thirty-seven dollars; and this sale took place within twelve months of the purchase of the property by the city as the property of plaintiff, the right of redemption being in the association when it purchased in February, 1885.

Plaintiff filed its bill, praying that the city be enjoined from selling this lot. The bill was answered, and the foregoing facts appeared. It may be stated, as a further fact, that the tax execution, issued by the city against the plaintiff, was for four hundred and fifty dollars taxes.

Under the facts, the chancellor refused the injunction, and plaintiff excepted, and this is assigned as error.

We do not think that there was any violation of the discretion vested in the chancellor in refusing the injunction prayed for. There is no irreparable loss or injury to be apprehended by the plaintiff unless the injunction be granted; it is already in possession of the property, which of itself gives notice to the world of the title by which it holds the land; and further, the pendency of the bill gives notice of the claim of plaintiff. Upon the hearing, all claims and equities between the city and the association can be settled.

Decree affirmed.