MITCHELL, executor, *vs.* PRATER.

1. Where an execution against a married woman was levied on certain property as belonging to her, she could interpose a claim thereto as being a homestead granted to her husband, of which she was a beneficiary; and a judgment in her favor, based on a verdict finding the property not subject under such a claim, will not be arrested on the ground that the defendant in execution was also the claimant.

2. Where a homestead was set apart to a husband, and on application to the chancellor, an order was passed allowing the sale of both the homestead and the fee in the property for reinvestment, it being alleged that there were no creditors; and where a portion of the property was sold for a certain price, and in consideration thereof, the vendee conveyed another tract of land, making the deed to the wife, this was a defective execution of the power granted by the order; but upon execution of the deed to the wife, a trust resulted to the husband, he being in possession with his wife, and the property so conveyed to her was not subject to sale under a judgment subsequently obtained against her individually. Therefore where, to the levy under an execution founded on such a judgment, the wife interposed a claim to .the property as a homestead, on the trial of the case the record of the homestead and the application and order for sale were admissible in evidence, as also was testimony as to the sale of a portion of the property and the making of the conveyance to the wife in consideration of the purchase price therefor.

April 4, 1887.

Homestead. Husband and Wife. Levy and Sale. Claim. Trusts. Evidence. Before Judge ESTES. Hall Superior Court. August Term, 1886.

Reported in the decision.

H. H. PERRY, by brief, for plaintiff in error.

W. F. FINDLEY; S. C. DUNLAP, for defendant.

BLANDFORD, Justice.

Martha Prater applied to the ordinary, in 1876, to have a homestead and exemption set apart out of the property

of her husband, Joseph Prater; and the application was granted. The homestead set apart consisted of several tracts of land. In 1877, Joseph Prater and Martha Prater applied to the judge of the superior court for leave to sell this property, and to sell not only the homestead but the fee; and it was alleged in the application that Joseph Prater owed nothing and had no creditors. The judge thereupon granted an order authorizing Joseph Prater to sell the property and reinvest in other property as a homestead. A portion of the property was sold to A. D. Candler, consisting of a lot in the town of Gainesville, for a certain sum of money; and in consideration of the purchase price, Mr. Candler conveyed another tract in that town to Martha Prater. A judgment was obtained against Martha Prater, and an execution issued upon it and levied upon this tract of land conveyed by Candler to her. Mrs. Prater interposed a claim, claiming it as exempt from levy and sale by virtue of the fact that it had been set apart to her as a homestead. On the trial of the claim case, a record of the homestead papers was offered in evidence, and was objected to on the ground that it was immaterial. The court overruled the objection and allowed it to go to the jury; and this is excepted to.

The application to the judge of the superior court for leave to sell the homestead property, and the order granting the application, were also offered in evidence, and objected to as immaterial; and the court overruled the objection and allowed the evidence to go to the jury.

The testimony of Mr. Candler was offered to show that he had bought a portion of the property exempted and set apart as a homestead, and that in consideration of the price he was to pay for it, he had conveyed the land levied on to Martha Prater. This was objected to as immaterial, and the court overruled the objection and admitted it.

The jury found the property not subject, and thereupon the plaintiff in execution moved to arrest the judgment upon the ground that Martha Prater was defendant in

execution and also claimant. The court overruled that motion; whereupon a motion for new trial was made by the plaintiff in execution on the several grounds stated, which was overruled by the court, and this is also excepted to.

1. We do not see any good reason why Mrs. Prater could not have interposed a claim in this case. The execution was against her individually, and her right in this property was that of a beneficiary in the homestead estate, the property having taken, or being intended by the parties to take, the place of the property originally set apart as a homestead. We think, therefore, she could have properly interposed a claim, or an affidavit of illegality, and we think the court was right in overruling the motion.

2. Nor do we think the court committed any error in admitting in evidence the record of the homestead proceedings and the application to the judge of the superior court and his order, nor in admitting in evidence the testimony of Mr. Candler. This evidence was introduced for the purpose of showing that the property levied on was simply a reinvestment of the proceeds of the homestead which had been already taken. It is true, this was a defective and an awkward execution of the power created by the order of the judge of the superior court, authorizing Mr. Prater to sell the property and reinvest; nevertheless, we think that as soon as Mr. Candler made this deed to Mrs. Prater, a trust resulted to her husband, and he also being in possession with his wife, it executed itself. The trust was really and in effect executed, although defectively executed, and the court will give it effect.

If this was property which was exempt from levy and sale, to allow the property to be sold under an execution against the beneficiary would defeat the very object of the homestead law itself. She had no title to it. She had a kind of encumbrance on the property, but the title was in her husband. Her encumbrance was the right to

v 78 49

use the property during her life, and her creditor could not levy on and sell this property.

So we affirm the judgment of the court below refusing a new trial.