## BROOME, trustee, *v.* DAVIS.

1. Land paid for with homestead land is homestead property, though the deed be taken in the name of the wife when it should have been taken in the name of the husband.

2. Possession by the husband with the wife, he being the head of
the family, is presumptively his possession; and if the premises
occupied be homestead property, the creditor of the wife is
chargeable with constructive notice of its homestead character,
though the formal paper title be in the wife.

July 13, 1891.　By two Justices.

Homestead.　Husband and wife.　Possession.　Title.
Notice.　Before Judge LUMPKIN.　Greene superior
court.　September term, 1889.

On February 26, 1870, a homestead was duly set
apart under the constitution of 1868, to L. C. Broome
as head of a family consisting of his wife and three
minor children.　The homestead consisted of one
hundred and sixty-seven acres of land in Greene
county.　On July 19, 1870, this homestead was ex-
changed, with the approval of the ordinary under the
laws then in force, to A. B. Tappan, for a tract of land
in the same county, containing one hundred and
twenty-eight and six tenths acres, and the deed from
Tappan was made to Mrs. Broome.　On February 2,
1882, she executed a mortgage on the last named tract
to C. A. Davis, Sr., to secure a note given by her on
February 2, 1882, to Davis, due October 1, 1882.　At
the time of the exchange mentioned, Broome went into
possession of the one hundred and twenty-eight and
six tenths acres as trustee of his wife and minor chil-
dren, and has remained in possession ever since.　Mrs.
Broome is still living, and some of the children are still
minors.　At the time of the exchange the approval of
the ordinary was endorsed on the deed to the one
hundred and sixty-seven acres.　Davis had no actual
notice of the homestead in the one hundred and
twenty-eight and six tenths acres, outside of the fact
that both Broome and his wife lived on the place of
one hundred and twenty-eight acres; and though the
approval of the ordinary allowing the exchange was
endorsed on the deed from Broome to Tappan, Davis

had no knowledge of this fact. The mortgage of Davis was regularly foreclosed and levied on the one hundred and twenty-eight acres, and the same was claimed by Broome as trustee of his wife and minor children.

The case was submitted to the presiding judge for trial without a jury upon the above, as an agreed statement of facts. He held the property subject. The claimant moved for a new trial on the grounds that the verdict was contrary to law and evidence. The motion was overruled, and claimant excepted.

JAMES B. PARK, for plaintiff in error.

No appearance *contra.*

BLECKLEY, Chief Justice.

Before the translation of our brother LUMPKIN to this bench, though his judicial accuracy was remarkable, he shared in the fallibility which is inherent in all courts except those of last resort. In some rare instances he committed error, and the very last of his errors is now before us for correction. The facts of the case are correctly set forth in the reporter's statement.

1. It is settled law that property paid for in full with other property previously set apart in due and proper manner under the homestead and exemption laws, takes the place of the latter, and is impressed with the homestead character. *Mitchell* v. *Prater*, 78 *Ga.* 767; *Murray* v. *Sells*, 53 *Ga.* 257; *Cheney* v. *Rodgers*, 54 *Ga.* 168, s. c. 59 *Ga.* 861; *Morris* v. *Tennent*, 56 *Ga.* 577; *Dodd* v. *Thompson*, 63 *Ga.* 393. This is true though the conveyance of the new property be made to the wife. *Supra* 78 and 53 *Ga.* Or to the husband and wife. *Supra* 54 *Ga.* And the homestead right can be asserted against a purchaser with notice. *Supra* 53 and 54 *Ga.* A mortgagee stands on the same plane with a purchaser. *Lane* v. *Partee*, 41 *Ga.* 202.

2. Could the creditor and mortgagee of the wife, his rights having attached whilst the paper title to the land in controversy was in her, stand upon that title and claim protection as a mortgagee without notice, notwithstanding the husband was at the same time in actual possession of the premises? Possession of land is notice to the world of whatever right or title the occupant has. *Cogan* v. *Christie*, 48 *Ga.* 585; *Sewell* v. *Holland*, 61 *Ga.* 608; *Atkins* v. *Paul*, 67 *Ga.* 97; *Finch* v. *Beal*, 68 *Ga.* 594; *Loan Association* v. *Atlanta*, 77 *Ga.* 496. In this State, notwithstanding his reduced importance as a domestic factor, the husband is still the head of his family, and though his wife may reside with him, she does not thereby divest his possession of the homestead and make the possession her own. Presumptively he is the owner. *Primrose* v. *Browning*, 59 *Ga.* 69; *Neal* v. *Perkerson*, 61 *Ga.* 346; *City of Atlanta* v. *Word*, 78 *Ga.* 276. Whilst for most purposes this presumption would be rebutted by the mere production of a conveyance from a third person to the wife, yet this alone should not excuse a stranger about to give her credit on the faith of the premises, from consulting the husband touching his rights as the actual occupant. His possession, to be of any force at all as notice, must be treated as directing inquiry to be made of himself, and not as a suggestion to go to his wife and deal with her upon what she might say, fortified by documents in her possession. So long as a man clings to his home in person, he has a right to be treated by strangers as the head of the family, and as entitled to answer for it and himself touching his right to be there and remain. If the true title to the property is in him, though the apparent title be in his wife, he cannot be driven out as the result of contracts of sale or mortgage made by her without his consent, and with persons who have not consulted him. In-

deed, he would be incapable of effectually consenting
to any sale or mortgage of homestead property, except
with the approbation of the proper judicial officer.
Code, §§2025, 5212, 5218.    *The judgment is reversed.*