## 10084. THORNTON *v.* HORTON.

The evidence of the plaintiff tended to prove every material allegation of her petition. The court, therefore, erred in granting a nonsuit.

DECIDED JULY 17, 1919.

Trover; from Taylor superior court—Judge Howard. March 25, 1918.

*C. W. Foy,* for plaintiff. *Jule Felton,* for defendant.

LUKE, J. R. B. Thornton mortgaged a certain described horse to the First National Bank of Reynolds. The mortgage was foreclosed and at a "short-order" sale the horse was sold to one Horton for $100. The proceeds of the short-order sale were claimed by J. H. Thornton, the father of R. B. Thornton, under a mortgage fi. fa. in his favor, and he was successful in obtaining a portion of the money arising from the sale. Thereafter his wife brought this suit, a bail-trover action, to recover the horse. At the close of the evidence introduced in behalf of the plaintiff, a nonsuit was granted, on motion of the defendant, and this is complained of in the bill of exceptions.

The evidence showed that the defendant was in possession of the property described in the suit, and that demand was made on him for the property, and he refused to deliver it. The evidence also established the value of the property, and the value of the hire. There was parol evidence, *unobjected to,* that the property belonged to the plaintiff by virtue of a homestead, taken out by her husband, and that the property was sold by E. J. Pool, a constable, who was put on notice before the sale that it was homestead property.

In view of this proof, we think the court erred in granting a nonsuit. The Civil Code (1910), § 3377, provides that property may be set aside as a homestead, and shall not be subject to any

levy and sale. The evidence shows that the property in dispute was purchased with the proceeds of a homestead, and was therefore homestead property. "Land paid for with homestead land is homestead property." *Broome* v. *Davis,* 87 *Ga.* 584 (13 S. E. 749). See also *Johnson* v. *Redwine,* 105 *Ga.* 449, 453 (33 S. E. 676) ; *Taylor* v. *James,* 109 *Ga.* 327, 334 (34 S. E. 674) ; *Johnson* v. *Thomason,* 120 *Ga.* 534 (48 S. E. 137). In the case of *Taylor* v. *James,* 109 *Ga.* 327, 336 (34 S. E. 677), it is said: "The beneficiaries of the homestead, however, have such an interest in the property that they may bring an action against any one who is in possession holding adversely to them." See also *Eve* v. *Cross,* 76 *Ga.* 693. These cases are authority for the proposition that the plaintiff had the right to bring this suit in her name, as she was a beneficiary of the homestead taken out by her husband.

We can see no reason why the nonsuit was granted, unless it was on the idea that J. H. Thornton, the husband of the plaintiff and the head of the family, was at the judicial sale and claimed a portion of the money arising from the sale of the property sought to be recovered in this trover suit. In *Phillips* v. *Taber,* 83 *Ga.* 565 (4 *a*) (10 S. E. 270), it is said: "It could be recovered by the plaintiff as the head of the family, though he was present at the sale and received the surplus from the sheriff." To sum up the whole matter, it appears to us that this suit could be maintained by the plaintiff, since she was a beneficiary under the homestead; that there could have been no legal sale of the property which was purchased with the proceeds of a homestead, and consequently no legal title passed; there being, of course, no proof that the sale was made under any of the exceptions to the general rule.

*Judgment reversed. Wade, C. J., and Jenkins, J., concur.*