## AMERSON *v.* COX.

ATKINSON, J. 1. Real estate paid for in full with other realty previously set apart in due and proper manner under the homestead and exemption laws of this State, and dealt with by the head of the family and his wife (there being no other beneficiaries of the homestead) as exempted property, takes the place of the latter and is impressed with the homestead character, and such homestead right can be asserted against a purchaser with notice. *Taylor* v. *James,* 109 *Ga.* 327 (34 S. E. 674), and cit.; *Broome* v. *Davis,* 87 *Ga.* 584 (13 S. E. 749); *Morris* v. *Tennent,* 56 *Ga.* 577.

2. In a suit by a plaintiff suing as head of a family consisting of himself and his wife, for recovery of land and mesne profits from which he had been evicted by the sheriff in virtue of a sale made by the sheriff to the defendant under a fi. fa. based on a judgment, attacking the sale as void on the ground that the property was exempt from sale, because the land had been acquired in exchange for other land that had been duly set

apart and exempted to the plaintiff as a homestead under the constitution and laws of this State, and the land so received in exchange had been accepted and treated as substituted homestead property, of which the defendant had notice, records of prior suits between the plaintiff and his wife on the one hand and the defendant on the other, involving the property in question, and judgments therein against the plaintiff and his wife that involved transfers by the husband to his wife of all his property including the realty in question, are admissible in evidence as tending to show that the plaintiff as head of the family did not receive and treat the realty received by him in exchange as homestead property. Accordingly, the judge did not err in admitting in evidence the records as complained of in the fifth, sixth, and seventh grounds of the motion for new trial, over the objections that the records had reference to parties who were strangers to the case, and were irrelevant and immaterial.

3. The testimony of the plaintiff that the realty received in exchange for the land that had been set apart to him as a homestead was received and treated by him as exempted property was a conclusion that was not borne out by the facts. The uncontradicted evidence was that after making the exchange he did not for several years move upon the land and in the meantime he conveyed the land by deed of gift to his wife, who was the sole beneficiary under the homestead; that she received the gift, and when the land was levied on as the property of the husband she interposed a claim, and both she and her husband carried on unsuccessful litigation with the defendant, seeking to prevent a sale of the property for the husband's debts; that in none of the proceedings was it contended that the land in question had become impressed with the character of homestead property. In these circumstances and under the ruling in *Taylor* v. *James*, supra, the evidence did not authorize a finding that the property in question was exempt from levy and sale and that the sheriff's sale to the defendant was void.

4. The evidence was sufficient upon the question of notice to the defendant, relatively to the 40-acre tract, to make a jury question; but such question was immaterial in the absence of evidence sufficient to show that the property became impressed with the character of exempted property, as referred to in the preceding division.

5. The judge did not err in directing a verdict for the defendant.

*Judgment affirmed. All the Justices concur, except Hines, J., who dissents.*

No. 8143. SEPTEMBER 18, 1931.

480

482

*Robinson & Flynt* and *Homer Beeland,* for plaintiff.
*C. W. Foy,* for defendant.