MITCHELL *vs.* WOLFE.

Under the constitution of 1868 there was no provision for supplementing a homestead or exemption; and where one obtained an exemption of personalty in 1874, he could not afterwards increase it by having other personalty set apart; nor did the constitution of 1877 and the act of 1878 confer the right to add to such previously granted exemption.

(*a.*) Were the meaning of the act doubtful, it would not be so construed as to impair rights growing out of contracts prior to its passage.

April 24, 1883.

Homestead. Constitutional Law. Before Judge PATE. Laurens Superior Court. August Adjourned Term, 1882.

Reported in the decision.

R. A. STANLEY; ROBERTS & SMITH, by brief, for plaintiff in error.

JOHN M. STUBBS, for defendant.

HALL, Justice.

The plaintiff in error applied for and obtained an exemption of personalty in 1874, under the homestead acts passed in pursuance of the constitution of 1868. In 1882, he sought to supplement this exemption and to have other personalty set apart, so as to increase the exemption before made to the maximum allowed to be set apart for this purpose. John B. Wolfe, who was a creditor notified, and who held a debt due before the first exemption was allowed, appeared and filed objections to this application to increase the former exemption. The ordinary overruled these objections and gave judgment in favor of the applicant. From this decision, the objector appealed to the superior court, and on the trial upon the appeal the jury returned a verdict in favor of the objector and against the applicant. A motion was made for a new trial, which

was overruled, and the applicant brings the case to this court.

The only ground of objection to this application for an increase of homestead, and also of the motion for a new trial, which it is material to consider, is this : That the said plaintiff in error, on the 20th day of January, 1874, had set apart to him an exemption, under the constitution of 1868 and the law passed in pursuance thereof, and cannot now supplement the same. The proofs in the case fully sustained this objection ; indeed, the fact was not put in issue, but was admitted both in the petition of the applicant to supplement the exemption and upon the trial.

Was this a proper verdict, denying the right of the party to supplement and increase this exemption as against the claim of the objector ? We entertain no doubt that it was. In *Pate vs. The Oglethorpe, etc., Co.*, 54 *Ga.*, 515, this court held, in the year 1875, that there was then no provision of law for taking a second or supplemental homestead, although the former one taken was of less value than the maximum allowed by law ; and in *Woods vs. Jones*, 56 *Ib.*, 520, this case was cited and affirmed, and an order of the ordinary setting apart the second or supplemental homestead was declared to be without jurisdiction and void. Since these decisions were rendered, the constitution of 1877 was adopted, and article 9, §6, par. 1 of that instrument provides that the applicant shall at any time have the right to supplement his exemption, by adding to an amount already set apart, which is less than the amount therein (herein) allowed, a sufficiency to make his exemption equal to the whole amount. Code, 1882, §5215. By the act of the general assembly, approved 16th of December, 1878, §4, Code, 2039 (c), provision is made for supplementing the exemption provided for by the above cited article of the constitution of 1877, as is apparent, not only from the title, but also from the general purport and tenor of the act. Pamph., p. 99. It is contended here that the only purpose of this act is to give a remedy for

the assertion of a pre-existing right; that as such it retroacts upon exemptions set apart, under legislation previous to the constitution, and interferes with no rights of creditors. To this position, however, we do not assent. The rights of creditors, who were such prior to the adoption of this article of the constitution, were fixed as to homesteads and exemptions set apart and allowed anterior to that date· The constitution does not provide a remedy merely; it gives a new and substantial right. This, if not quite manifest from the very words of the article, section and paragraph quoted, is rendered certain by the §8, par. 1, of the same article, which declares that "rights which have become vested under previously existing laws, shall not be. affected by anything herein contained." Code, §5217. That this is the meaning attached to the constitution by the legislature, we think is apparent from the words of the act of 1878. They are, that an exemption less than the whole amount "allowed by the constitution and laws of the state," may be increased to that amount. What constitution is here referred to? Was there any other than that of 1877 in existence at that time? Upon general principles of construction, it would not be just or proper to extend the terms of the constitution to other cases than those expressly mentioned, especially where such an enlarged signification might interfere with rights that had become vested under previously existing laws. Even if the intention of the framers of the constitution were less certain than we take it to be, we should not feel warranted in attributing to them a purpose to interfere in such a manner as to impair rights growing out of contracts. This case is within the principle laid down by the Supreme Court of the United States in Gunn vs. Barry, 15 Wall, 610.

The other questions made in the record may be dismissed with the remark that they have no practical bearing upon this case, and are in no manner essential to its final determination.

Judgment affirmed.