### In re REINHART.

#### (District Court, S. D. Georgia, W. D.   October 21, 1902.)

1. BANKRUPTCY—EXEMPTIONS—LAW OF GEORGIA.

    The law of Georgia permits a debtor to take either the statutory homestead exemption or that given by the constitution of 1877, but not both; and further provides (Code, § 2865) that he may supplement his exemption by adding to the amount already set apart, which is less than the whole amount allowed, a sufficiency to make his exemption equal to such amount. *Held*, that a court of bankruptcy had power, under Bankr. Act 1898, to permit a bankrupt who had been granted the statutory exemption prior to his bankruptcy, but in property which at the date of his bankruptcy was of little value, to supplement the same up to the full value of that allowed by the statute from any property or funds of the estate, but that he could not be allowed the constitutional exemption.

2. EXEMPTION—WAIVER—LAW OF GEORGIA.

    Under the law of Georgia, the head of a family has no power to waive his statutory homestead exemption in favor of a creditor, such power of waiver having relation solely to the exemption provided by the constitution of 1877.

In Bankruptcy. On review of referee's decision approving the action of the trustee in setting apart property to the bankrupt as a homestead exemption.

S. A. Crump and W. B. Gerry, for bankrupt.

Herman Brasch and E. P. Johnson, for objectors.

SPEER, District Judge. The applicant for homestead exemption in this case is J. V. Reinhart. He conducted a small business in fruit and similar produce, but, failing in business, was adjudged a bankrupt, and now seeks such homestead exemption out of the proceeds of his estate as will be allowed by the law of Georgia and the bankruptcy act. The trustee set apart to the bankrupt certain personal property as an exemption, under article 9, § 1, of the constitution of the state of Georgia. This permits an exemption to the head of a family, in real estate or personalty, or both, to the value in the aggregate of $1,600. Code Ga. § 5912. This action of the trustee was objected to by certain creditors before the referee in bankruptcy. L. L. Bishop and Simmons and Bishop objected on the ground that the bankrupt had been granted by the ordinary of Bibb county, on March 22, 1900, the statutory exemption under the law, which existed previously to the adoption of the constitution of 1877, which provides for the constitutional exemption of the larger amount above adverted to. Adams and Johnson, also creditors, objected upon the ground that they hold four promissory notes, amounting in the aggregate to $105.12, in which notes the bankrupt waived his right to the homestead exemption. Notwithstanding these objections, the referee approved the exemption, and his decision is presented to this court for review.

After considering the arguments of counsel and the authorities relating to this question, we do not feel at liberty to approve the finding

of the referee in its entirety, but, by a liberal construction of the statutes and decisions on this subject, we yet feel justified in affording some measure of relief to this unfortunate man and his helpless family. It is not denied that previously to his application to the bankruptcy court for the constitutional exemption Reinhart, as a head of a family, had obtained from the ordinary the statutory exemption. This consisted of a one-third reversionary interest in a small tract of land, a bedstead, bedding, a little household furniture, a small gray horse, a cow, and a few other articles of trivial value. It appears from the evidence that the horse is dead, and that certain other articles are worn out or lost. It is safe to conclude that the remnants of this exemption are paltry, if not wholly worthless. While this is true, it was yet the statutory exemption. The law of the state is that "one entitled to a homestead may take the statutory or the constitutional homestead at option, but cannot take both. The two are distinct, and where one has been taken it cannot be supplemented by the other." This announcement was made for the supreme court of the state by the late Chief Justice Warner. Johnson v. Roberts, 63 Ga. 167. It has not been departed from, and is entitled to all the weight of authority ascribed by the profession and the bench to the declarations of that famous jurist. The same principle is expressed in the statutory provisions of the state on this subject. Code, § 2854. It follows that the constitutional exemption in the form as allowed by the trustee and approved by the referee must be denied, and the applicant must be restricted to his statutory exemption. It is at this point, however, that the liberal provisions of the bankruptcy law relative to homestead exemptions for unfortunate and distressed debtors will afford this applicant relief. While he must be content with his statutory exemption, popularly called the "pony homestead," we think that the trustee may allow him its full equivalent out of the values in his hands. It has long been the policy of the state to allow to the head of a family of slender means the benefit of this exemption. The first act upon the subject was adopted in 1822, and the provisions defining its extent may be found in section 2866 of the Code. The property which may be set apart may consist of 50 acres of agricultural land and five additional acres for each child under the age of 16. If the land is not suitable for agricultural purposes, and is located in a city, town, or village, it may be set apart to an amount not exceeding $500 in value. It exempts also a farm horse or mule, or a yoke of oxen, a cow and calf, 10 head of hogs, and $50 worth of provisions, and $5 worth additional for each child. It also includes a considerable amount of provender and forage, a one-horse wagon, household and kitchen furniture, a loom, a spinning wheel, two pairs of cards, 100 pounds of lint cotton, tools of trade of the applicant and his wife, the equipment and arms of a militia soldier and trooper's horse, wearing apparel, a family Bible, religious works, school books, family portraits, library of a professional man not to exceed $300 in value, and a sewing machine. Such are the provisions of this admirable law. But few of the articles enumerated have been set apart to the applicant by the ordinary. But under another benignant provision of our law he may supplement his

homestead. This is found in section 2865 of the Code, which provides:

"It shall be the right of the applicant to supplement his exemption by adding to the amount already set apart, which is less than the whole amount of the exemption allowed by the constitution and. laws of the state, a sufficiency to make his exemption equal to the whole amount by resorting to the methods for setting apart and valuation of the exemptions provided in this article."

Now, we may not in the bankruptcy court adopt the machinery provided by the state law, yet in proper cases we are authorized to exercise the somewhat elastic and flexible powers of a court of equity, and, in view of the manifest purpose of congress to afford the relief of a homestead exemption to persons who are in the situation of the applicant here, is it not competent for the court to direct the trustee to set apart, so far as may be possible, a sufficiency of the assets of the bankrupt to make his homestead equivalent in value and in benefits to himself and his family to that statutory homestead provided by the law of the state above quoted? It is true that in the case of Mitchell v. Wolfe, 70 Ga. 625, the supreme court of this state held that where one had obtained an exemption of personalty he could not afterwards increase it by having other personalty set apart. An examination, however, of that decision discloses that the homestead there obtained was under the constitution of 1868. Vested rights had accrued in parties objecting to the supplemental proceedings, and the constitution of 1868 afforded no provision for supplementing the homestead it created. The homestead under consideration here was created by the statutes of the state, and section 2865 of the Code above quoted, which embodies the acts of 1878–89, is explicit in the rights it grants, to supplement the other exemptions permitted by the laws of the state. Pate v. Fertilizing Co., 54 Ga. 520, was decided in 1875 before the provision for a supplementary homestead was enacted.

In view of these considerations, this cause will be remanded to the referee, with instructions to that officer to direct the trustee to set apart of the funds in his hands for the benefit of the bankrupt a fair equivalent of the homestead provided by section 2866 of the Code of Georgia, so far as that is practicable.

With regard to the other objection, that the homestead should not be allowed because certain creditors hold waiver notes, it is sufficient to say that the head of a family in Georgia has no power or authority to waive the statutory homestead for the benefit of a creditor; the power of waiver relating exclusively to the constitutional homestead provided by the organic law of 1877.