BARBARA DAVIS, plaintiff in error, *vs.* WILLIAM BAGLEY *et al.*, defendants in error.

When an administrator, in the year 1862, after receiving into his hands a sufficiency of assets to meet all unsettled claims against the estate, delivered over the remainder to the heirs-at-law, but in making the distribution gave one share to Barbara Davis and her children, under a mistake of law, the fact being that it belonged to Barbara Davis alone, and the said Barbara made no objection at the time, but consented, under the same mistake of law, to the said distribution, but did nothing to mislead the administrator, who was not at all influenced in his action by her consent:

*Held* 1. The delivery of the assets to the children, who were not entitled, was, to that extent, a *devastavit*, and Mrs. Davis is not estopped by her acts from claiming of the administrator her full rights as heir-at-law.

2. The effects delivered to the children are still, in contemplation of law, in the hands of the administrator to be accounted for, not only to Mrs. Davis, but to any other person who has claims against the estate.

3. That if the effects kept in hand to pay the demands against the estate in 1861, have been entirely lost without fault of the administrator, he can protect himself as to said effects against the heirs-at-law and creditors, under the several Acts passed since the war for the relief of administrators, etc.

4. There ought to be a new trial in this case, in which these principles shall be applied, leaving the administrator to show, if he can, that there are subsisting claims against the estate of higher dignity than Mrs. Davis' claims, which are entitled to the fund in hand, in which case Mrs. Davis is only entitled to what remains, after the settlement of said claims, in the due course of administration.

Liability of Administrator. Before Judge JOHNSON. Chattahoochee Superior Court. September Term, 1869.

Barbara Davis, as heir-at-law of Samuel Jones, sued William Bagley, as administrator of said Jones, and his securities, upon an administrator's bond made by them on the 10th of June, 1861, averring that, though Bagley had, as administrator, taken possession of said estate, and paid all its debts, he still held $50,000 00, of which she was entitled to one-tenth, and yet would not pay her. Bagley pleaded payment, and that the assets in hand were notes given for slaves, and not collectible and Confederate Treasury notes collected

in due course of administration, all of which was worthless. His securities, by plea, claimed the benefit of the "Relief Act," without specifying any reason for such claim. The plaintiff's counsel read in evidence said bond, and the returns of Bagley as such administrator. From them it appeared that on the 1st of January, 1862, he held, as such administrator, $160,000 00; that he had charged himself with $8,025 40, as administrator of Thomas Davis, late husband of plaintiff, and credited himself, as Davis' administrator, with $2,025 40, as due to the estate of Jones by the estate of Davis for negro hire. It was shown that Jones died several years before Davis died, and that he died before any distribution of Jones' estate; that Jones left ten heirs, one of whom was plaintiff, and that Davis left said plaintiff, his widow and five children him surviving.

It was shown that after Davis' death, Bagley reserved such amount as he thought necessary to pay Jones' debts, etc., and concluded that the remaining share of each of Jones' heirs was $8,025 40, and determined to pay out accordingly. He charged Davis' estate with said negro hire, and reduced that share to $6,000 00, and, *bona fide*, believing that was correct, announced to plaintiff that she and each of her children shared that portion equally, and that he was ready to pay to her and each of her five children $1,000 00. She supposed he was right as to the law, took her $1,000 00, and allowed him to pay each of her children $1,000 00, as he proposed. Learning that her children were not entitled to share said fund with her, she claims that Bagley should pay her the $5,000 00 which he had so paid to her children.

The Court charged the jury that if Bagley, *bona fide*, made such payment to said children, by plaintiff's consent, it was equivalent to a payment to plaintiff; that if said payments to the children was unauthorized, and Bagley has sufficient, in nominal value, of the assets of Jones' estate to pay plaintiff, which assets had become worthless without Bagley's fault, plaintiff could not recover. Plaintiff's counsel requested the Court to charge the jury that if plaintiff was ignorant of her rights as an heir of Jones, and Bagley induced her to

Davis *vs.* Bagley *et al.*

consent to said payments to the children, then such payment did not discharge Bagley's liability to her.  He so charged, adding, that if Bagley was also ignorant of plaintiff's rights as heir of Jones, and so made the payment by her consent, he was discharged thereby.  They requested him to charge that if she ratified said payments in ignorance of her rights, whether that ignorance was caused intentionally or unintentionally by Bagley's concealment, such ratification would not bind her.  The Court said it was a sound legal proposition as between principal and agent, but was not applicable to this case, and would not so charge.  (There was no evidence of any ratification, unless it be that she failed to object for some time after the payments were made.)

The jury found for the defendants.  Complaint is made against each clause of the charge given, the qualification of the first request, and the refusal to give the last request in charge.

PEABODY & BRANNON, D. H. BURTS, for plaintiff in error, said Bagley must pay, and sue Mrs. Davis' children: 7 Ga. R., 64; and as to her acquiescence, cited: 1 Sto. Eq., 386, 387: 7th Ga. R., 30; 17th Ga. R., 452; 6 John. Ch. R., 166.

E. G. RAIFORD said the cause turned on *bona fides* of the payments, citing: 31st Ga. R., 117 ; Irw. Code, sec. 3067 ; Sto. Eq. Juris., 90 ; Act of 1868, p. 4.

McCAY, J.

1. The important question in this case is, how far the acquiescence of Mrs. Davis in the payment of this money to her children, binds her.  It is admitted that there was a mistake. Bagley was the administrator of Mrs. Davis' father, and also of Mrs. Davis' husband.  The share of Mrs. Davis in her father's estate *survived to her.*  Davis having died before he reduced it into possession, it formed no part of his (Davis') estate.  The act of the administrator in paying it over to himself, as administrator of Davis, and then paying it out to Davis' heirs, was a mistake.  Mrs. Davis was entitled to

all of it.  As it was, her children got each $1,000.  The evidence is that all the parties were mistaken in the law.

This is not the case of a contract where both parties stand upon their own judgment, and where no special duty is cast upon either.  Bagley is a trustee, an officer appointed by the law to perform a specified duty, to-wit: to administer this estate according to law; and the rules prescribing his duty are the law of the land.  He had a duty to perform.  If he failed, however ignorant or mistaken he may be, he cannot excuse himself.  He has a mere ministerial duty to perform in *paying out* this estate, and if he pay any portion of it to one not entitled, he is responsible to those entitled.

Mrs. Davis had no *duty* in the premises.  She was under no *obligation* to keep Bagley informed as to the law; and her failure to instruct him as to his duties is no breach of any duty on her part.  There is no pretence of any fraud or concealment by her.  Indeed, it appears affirmatively from the record that Bagley acted wholly without reference to any act or saying of hers.  She, it is true, stood by and said nothing, made no objection, simply because she did not know she had any right to object.  Bagley was not *misled* by her.  That is affirmatively proven.

We do not think she is estopped.  Estoppel always implies that the person estopped has, by his act, misled the other.  Code, section 3700.  It was not Mrs. Davis' duty to instruct Bagley as to the law.  It was Bagley's duty to obey the law.  He was the actor, sworn and bonded, authorized to take counsel and charge the estate for it; and we can see no reason for excusing him from the performance of his duty because Mrs. Davis, who was not bound to set him right, stood by and, in her own ignorance, permitted him to go wrong.

2. The payment of this money to those not entitled to it is a *devastavit*.  It is still in hand; the receipt is null.  Bagley, as administrator of Jones, is chargeable with that much money.  It does not necessarily belong to Mrs. Jones.  It has never been legally separated from the estate of Jones.  It is there for distribution among those entitled to it, whoever they may be.  Mrs. Jones is one of the heirs-at-law,

ahd if there be no good reason why it should not be paid to her, she may receive it. But the heirs-at-law are only entitled to what remains after the debts are paid.

3. Under our Acts, passed in 1865 and 1866, and under the Constitution of 1868, very liberal and just provisions are made for the protection of administrators who, in good faith, and under the laws in force at the time, made investments, which, without their fault, have turned out badly. There is also an Act protecting administrators from liability for payments made to persons who, as the estate then stood, appeared plainly entitled to such payments, but who, as has since become apparent, were not entitled. And this is perfectly just. If the administrator acted in good faith it would be very hard to hold him responsible for the untoward and unexpected results of the late war. The parties injured are not remidiless; they can follow the moneys thus paid out into the hands of those who have received it.

4. We think there ought to be a new trial in this case, in which Bagley shall be charged with the amount paid out to the children of Mrs. Davis, as a *devastavit*, but with the right on his part to the defenses allowed by the Acts we have referred to, keeping also in view that any other claims there may be against the estate of Jones, have their rights against the fund in hand, as well as Mrs. Jones.

Judgment reversed.