VanDyke *vs.* Kilgo.

---

M. H. VanDyke, plaintiff in error, *vs.* Sarah E. Kilgo, defendant in error.

<div style="float:right">
54 551
93 541

54 552
118 137

54 551
120 534
</div>

1. A partnership was entered into in September, 1866, between V. and K., by the terms of which V. was to purchase for the firm the stock of goods upon which the business was to be transacted, K. was to sell the same, paying over the proceeds to V. until the first cost was refunded, and the profits were to be divided between them. K. died in February, 1870. Before administration upon his estate, his widow and V. agreed upon three persons to examine into the condition of the partnership. They reported that K. had overdrawn his proportion of the profits. $886 43. After administration suit was brought by V. for this amount and judgment recovered. Execution was levied upon the property of K. which was claimed by his widow as her homestead exemption under the constitution and act of 1868:

*Held*, that the liability of K. to V., upon which the judgment was obtained, was based upon the contract made in 1866, and not upon the accounting had in 1870.

2. That a creditor advised the widow of his debtor to have a homestead set apart in the property of the deceased, does not estop him from levying upon the same for the satisfaction of a debt to which it may be subject.

Homestead. Contracts. Partnership. Estoppel. Before Judge Knight. Lumpkin Superior Court. April Term, 1875.

For the facts of this case, see the decision.

M. L. SMITH; WIER BOYD, for plaintiff in error.

H. P. BELL; W. P. PRICE, for defendant.

WARNER, Chief Justice.

On the 5th day of September, 1866, VanDyke and Kilgo entered into a contract in writing hy which VanDyke agreed to buy and deliver to Kilgo merchandise of different kinds, for him to sell for VanDyke, and Kilgo was to deliver over the proceeds of the sale of the goods and chattels sold by him to VanDyke, until the first cost of said goods purchased by VanDyke was paid for, and then divide the profits equally between them. Kilgo died, and shortly after his death, and before an administrator was appointed on his estate, by the consent of his widow and VanDyke, three persons were selected to examine into the condition of the partnership affairs, who reported as the result of that examination, that Kilgo had overdrawn his share of the profits of the business $886 43, and that he was indebted to VanDyke that amount. After letters of administration were taken out on Kilgo's estate, VanDyke instituted suit against his administrator setting forth the copartnership contract in his declaration, and alleging that on an account being taken as before stated, Kilgo was indebted to the plaintiff the said sum of $886 43, and obtained a judgment for that amount, upon which an execution issued and was levied on the property of Kilgo, which was claimed by Mrs. Kilgo as her homestead exemption. On the trial of the claim case the jury found the property not subject. A motion was made for a new trial, which was overruled by the court, and the plaintiff excepted. Two questions were made on the argument here. First, whether the contract on which the judgment was obtained was made prior to the adoption of the constitution of 1668. Second, if it was made prior to 1868, whether the plaintiff, VanDyke, was not estopped from levying on the claimant's homestead, inasmuch as he advised

VanDyke *vs.* Kilgo.

her to claim a homestead on the property of her deceased husband.

1. It was insisted by the defendant in error that the contract on which the judgment was obtained was created in 1870, when the accounting took place, and the extent of Kilgo's indebtedness to the plaintiff was ascertained; and that is the debt or contract on which the plaintiff's judgment was rendered. The reply is, that at the time the account was taken Kilgo was dead, and his estate was unrepresented; there was no person at that time who had the legal capacity to make any contract which would bind his estate for the payment of that or any other debt. The judgment could not have been rendered against Kilgo's administrator upon any other contract than that alleged in the plaintiff's declaration, made by Kilgo in 1866, when he was living; that was the contract under which the plaintiff invested his money and property in the copartnership; that was the contract which created Kilgo's liability to account with the plaintiff concerning the copartnership transactions; and but for that contract, made in 1866, there would have been no liability on the part of Kilgo or his administrator, to account with the plaintiff in relation to the copartnership business. The plaintiff's right to recover a judgment, and the defendant's liability as administrator of Kilgo, was based on the contract made by Kilgo in 1866, and upon no other liability. The verdict of the jury was contrary to the charge of the court in relation to this point in the case, and there being no error in the charge, the verdict was contrary to law.

2. The fact that VanDyke advised the claimant to take a homestead in her deceased husband's property, did not estop him from levying upon the homestead in satisfaction of his debt. There is no pretense that he promised not to do so, and the homestead may still be beneficial to her as against debts contr1868, after paying off the plaintiff's judgmoes not appear that the plaintiff was fully the condition of Kilgo's estate when the ad-ven, and for aught that appears to the contrary the

v. 36.

advice to take a homestead may have been honestly given, and with friendly intentions. In our judgment, the court below erred in overruling the motion for a new trial.

Let the judgment of the court below be reversed.