DUNAGAN *v.* WEBSTER *et al.*

Where one qualifies as administrator of a deceased person, it is an
undertaking by the administrator equivalent to a contract to duly
administer the estate according to law, for the benefit of the heirs
and creditors. If such qualification took place prior to the passage
of the homestead act of 1868, a homestead set apart to the wife of
the administrator in 1873, out of his land, is subject to a judgment
rendered against him by the court of ordinary in favor of the heirs
upon a citation for a settlement of his accounts, although the judg-
ment was based upon a failure by the administrator to pay over
money belonging to the estate which did not come into his hands
until 1887.

January 27, 1894.

Levy and claim. Before Judge WELLBORN. Hall
superior court. July term, 1893.

S. C. DUNLAP and W. L. TELFORD, for plaintiff in error.
GEORGE K. LOOPER, *contra.*

SIMMONS, Justice.

Joseph Dunagan died in 1861, and in the same year
J. T. and Ezekiel Dunagan qualified as administrators
of his estate. In 1887 certain money which had been
buried by the deceased was found and went into the
hands of the administrators. They were cited by the
heirs to a settlement before the ordinary, and a judg-
ment was rendered against them in favor of the heirs.

An execution founded upon this judgment was levied on certain land.as the property of Ezekiel Dunagan, and his wife interposed a claim to the property as having been set apart to her and her children as a homestead and exemption on March 29th, 1873. It appeared that he had never sold or otherwise disposed of the land. Upon the agreed facts the question whether the land was subject to the execution was submitted to the judge without a jury; and he found that it was, and to this ruling the claimant excepted.

Where one qualifies as administrator, it is an undertaking equivalent to a contract on his part to duly administer the estate according to law for the benefit of heirs and creditors. In the present case the claim of the creditor was based upon this contract on the part of the administrator; and the contract, as we have seen, antedated the constitution of 1868, under which the homestead was set apart. The Supreme Court of the United States, in the case of Gunn *v.* Barry, 15 Wall. 610, reversing the decision of this court, held that the homestead right could not prevail against a contract created prior to the constitution—that as to such con-. tracts the homestead is a nullity; and that ruling has since been followed in several decisions, of this court. It has also been held that, as between the homestead right and the claim of a creditor founded upon such a contract, the date of the contract and not of the breach of it governs in determining the question of priority. *VanDyke* v. *Kilgo,* 54 *Ga.* 551; *Drinkwater* v. *Moreman,* 61 *Ga.* 395; *Hunt* v. *Juhan,* 63 *Ga.* 162; *Douglass* v. *Boylston,* 69 *Ga.* 186; *Willis* v. *Thornton,* 73 *Ga.* 128. It follows that the court below did not err in holding the property subject.  *Judgment affirmed.*