GWINN, administrator, *v.* TROTTER.

When on the trial of an action against an administrator, to which a plea of plene administravit had been interposed, it appeared that the assets of the estate were insufficient to pay all the just claims and demands against it, the plaintiff was not entitled to a judgment de propriis against the administrator on proof that the latter had paid certain demands inferior in dignity to that of the plaintiff, when it also appeared that there existed, outstanding and unpaid, a claim of higher dignity than his, sufficient in amount to absorb the entire assets. While such payments constituted a devastavit for which the administrator was personally liable, such liability existed only in favor of a creditor injured by the making of such payments.

Submitted January 11, — Decided January 28, 1901.

Complaint — certiorari. Before Judge Candler. DeKalb superior court. June 19, 1900.

*L. B. Norton* and *A. C. McCalla,* for plaintiff in error.
*R. W. Milner,* contra.

LITTLE, J. Dr. Trotter brought suit in a justice's court against George W. Gwinn as administrator of the estate of Peter Malcolm, to recover the amount due him for medical attention rendered the intestate during his last illness. The defendant filed a plea which might be construed as a plea of plene administravit. The account sued on was duly proved, and as a matter of defense it was shown that the intestate left a widow and minor children, and that a year's support for them had been duly set apart to the amount of $850; of this $300 was in money and the remainder in land. It was also shown that the estate was insolvent; that property only to the value of $114 had come into the hands of the administrator, and that there were no other assets of the estate. The administrator also introduced in evidence vouchers for certain payments which he had made, and which had been duly returned to the ordinary. These amounted to the sum of $39.66, and were for State, county, and city taxes, and other items representing debts which were inferior in dignity to that of the plaintiff. It was also proved that the sum of $300 was yet due the widow and minor children on account of the year's support. A judgment was rendered for the plaintiff for the sum of $39.66, being exactly the amount which the administrator had paid for debts inferior to that held by plaintiff against the estate. The defendant applied for a writ of certiorari; it

was granted, but on the hearing was overruled, and the judgment allowed to stand.    To the overruling of the certiorari he excepted.

The evidence is conclusive that the administrator paid certain debts of the estate which were inferior in dignity to that held by the plaintiff.    The priority of payments as established by the Civil Code, § 3424, classes the year's support for the family as a claim against the estate of the highest dignity; the next claim in order is the funeral expenses, including the physician's bill for the last sickness of the intestate; next is the expenses of administration, and the fourth is the unpaid taxes due the State.    While it can not be questioned that the making of the payments to which we have referred was a devastavit, it does not follow that for such the administrator is liable to the plaintiff.    Certainly the plaintiff was entitled to payment in preference to the claim for taxes, etc., and if nothing else appeared, the judgment rendered could be easily sustained.    But it does appear that a sum, not only greater than the payments made but greater in amount than the entire assets which went into the hands of the administrator, is due to the widow as a part of her year's support, and this is a claim not only of higher dignity than those paid by the administrator, but is prior to that of the plaintiff.    The rule of law, as we understand it, is that if an administrator pays an inferior debt, leaving one of higher dignity unpaid, and the assets are not sufficient to pay both or all the debts, the administrator is personally liable for the amount wrongfully paid to the person who is injured thereby, and he must answer out of his own means for such a devastavit.    Schouler, Ex. & Ad. § 383.    Mr. Croswell, in his work on Executors and Administrators, § 667, says:  "Payment of debts out of their order is a waste which the executor or administrator will be obliged to make up."    In *Davis* v. *Bagley,* 40 *Ga.* 181, this court ruled that such a payment was a devastavit, and, referring to the amount paid, declared, "It is still in hand; the receipt is null."    In other words, the payment is to be accounted a nullity, and the assets of the estate in the hands of the administrator are not diminished by such payment, but for the amount so paid the administrator is liable personally.    The manner of enforcement in such a case is by a judgment de bonis propriis in favor of the creditor who was injured by the payment.    The sum illegally paid is simply to be considered in the hands of the administrator to be distributed according to law,

but the creditor who is not injured by such payment is not entitled to a personal judgment against the administrator on account of the illegal payment. In the present case the year's support is sufficient to more than consume the entire assets of the estate. That being a claim on the assets and property of the estate of the highest dignity, the widow would be entitled to a personal judgment against the administrator for the amount paid by him on debts of inferior dignity. The demand of the plaintiff, while superior to those paid, is inferior to that of the widow; consequently the payments made by the administrator could not injure the plaintiff, as all the assets would go to the payment of the year's support, and in any event none could be legally appropriated to the plaintiff's demand. The administrator was certainly guilty of a devastavit in these payments, but the plaintiff, not having been injured thereby, has no right to a personal judgment against him. The trial judge erred in overruling the certiorari.

　　　　*Judgment reversed. All the Justices concurring.*