## JOHNSON *v.* THOMASON.

A judgment creditor, to whose lien a homestead was subject, acted under an order of court as "receiver" in making a sale of the homestead land and reinvesting the proceeds in other land, erroneously taking a deed to the same to himself as "trustee and receiver," to be held as a homestead for the use of the beneficiaries of the original homestead, with reversion to the estate of him from whose property the homestead had been set apart. *Held,* that the creditor was not estopped from enforcing his judgment against the last-mentioned land.

Argued June 13, — Decided July 12, 1904.

Levy and claim. Before Judge Holden. Morgan superior court. November 16, 1903.

P. R. Thomason was the sole surety of John Frank Johnson on a guardian's bond executed November 4, 1861. Johnson died a few years thereafter. In January, 1879, a homestead in certain land belonging to the estate of Johnson was duly set apart to his widow, Mildred Johnson, and her minor child. Thomason, had advised her to take a homestead. In a suit upon the guardian's bond, at the March term, 1879, of the court, Johnson's estate being then unrepresented, a judgment was rendered against Thomason, as surety upon the bond, for $500, principal. The widow applied for an order for the sale of the homestead property and the reinvestment of the proceeds, and petitioned that Thomason be appointed receiver to make the sale and reinvestment. He, in writing entered on the petition, signified that he would accept the appointment and perform the services without compensation. At the same term of court (March, 1879) an order was duly

granted, appointing Thomason receiver as prayed for, and directing him to sell "said homestead, both the homestead estate and the fee in reversion (all parties in interest consenting thereto), and as such receiver make title thereto to the purchaser," and to reinvest the proceeds of the sale ·in other realty, to be selected by the widow, "to be held upon the same uses" as the land set apart as a homestead was held.   Thomason, as receiver and in pursuance of this order, subsequently, in 1879, sold the homestead land and executed and delivered to the purchaser a deed to the same.   On November 14, 1881, he reinvested the proceeds of the sale, viz., $1,000, in other land, and took a deed to the same to himself as receiver, the deed containing a recital of the order for sale and reinvestment.   The habendum clause of this deed was as follows: "To have and to hold the said tract of land to the said P. R. Thomason, receiver as aforesaid, as a homestead exemption for said Mildred Johnson and beneficiary in lieu of original homestead, and at the termination of said estate to have and hold said land for the use and benefit of the creditors and heirs at law of said John Frank Johnson, deceased, under and by virtue of said order of sale and reinvestment."   Thomason paid the widow interest on the fund which was the proceeds of the sale of the homestead, from the time he received it until it was reinvested. Soon after the judgment was obtained against him as surety on the guardian's bond he paid the same, and in September, 1883, he obtained a judgment for the amount so paid against Emanuel Heyser, as administrator of the estate of Johnson.   The widow applied for an order to sell the land in which the proceeds of the sale of the homestead had been invested, and to have the proceeds of the second sale reinvested in other land.   She alleged in her petition that Thomason was the only lien creditor of the estate of Johnson, and that he consented to such sale and reinvestment, and she asked for his appointment as receiver to make the sale and reinvestment.   He attached to her petition his written assent to the granting of the order prayed for and his consent to act as such receiver.   On October 24, 1883, the judge of the superior court granted the order prayed for, in which Thomason was appointed receiver to make the sale and to reinvest the proceeds, "all parties in interest, including the lien creditor, consenting thereto." Thomason, as receiver, made the sale in pursuance of the order,

and conveyed the land in fee to the purchaser.   On November 14, 1883, Thomason, as receiver, reinvested the proceeds of this last sale in other land, and took a deed to the same to himself as receiver and trustee, which deed recited the setting apart of the original homestead, the various orders for sale and reinvestment hereinbefore set out, and contained the following habendum clause: "To have and to hold the aforesaid tract of land, together, with all appurtenances thereto appertaining, unto him the said P. R. Thomason, trustee and receiver as aforesaid, as a homestead for the use and benefit of said Mildred Johnson during her widowhood or life, and her daughter Tommie Johnson until she attains majority, and at the termination of said homestead estate, in reversion to the estate of said John Frank Johnson in fee simple."   P. R. Thomason died, intestate, in 1886.   The judgment in his favor against Heyser as administrator, and the execution issued thereon, were inherited by R. U. Thomason, his sole heir at law.   This execution, which had been kept in life, was, April 3, 1896, levied on the land in which the reinvestment had been last made, viz. on November 14, 1883.   The land was levied on as the property of the estate of John Frank Johnson.   Mrs. Mildred Johnson, who had remained a widow, interposed her claim to the land.   On the trial of the issue made by this claim, the facts as above stated appeared, most of them by agreement.   It further appeared that Mrs. Johnson had continuously lived on the land since it was purchased in November, 1883, and that she had "had two wells dug on said place at a cost of fifty dollars, built two houses, cleared seventy-five acres of land, and weatherboarded and reshingled the dwelling," and "that she paid for all these repairs and improvements out of the rents arising from said place."   The court directed a verdict finding the property levied on subject to the execution, to which ruling the plaintiff excepted.

*Foster & Butler*, for plaintiff in error.
*George & Anderson*, contra.

FISH, P. J.   (After stating the facts.)   As the guardian's bond, for the breach of which judgment was rendered against P. R. Thomason as surety, was executed prior to 1868, the original homestead set apart to the widow and minor child of Johnson, the principal in such bond, would have been subject to the judgment

which Thomason, after paying off the judgment against himself as Johnson's surety, obtained against the administrator of Johnson for the amount so paid. *Dunagan* v. *Webster*, 93 *Ga*. 540. And the fact that Thomason advised the widow to have the homestead set apart would not have estopped him from enforcing his judgment against the property so set apart. *VanDyke* v. *Kilgo*, 54 *Ga*. 551. It is well settled that property paid for in full with other property previously set apart, in due and proper manner, under the homestead and exemption laws, takes the place of the latter, and is impressed with the homestead character. *Broome* v. *Davis*, 87 *Ga*. 584. And this is true though the conveyance of the new property be to the wrong person. *Johnson* v. *Redwine*, 105 *Ga*. 449. It does not appear that either of the orders authorizing P. R. Thomason, as receiver, to sell and reinvest, directed to whom the deed in which the reinvestment was to be made should be taken. Thomason, in making the sales and reinvestments, acted as the mere instrument of the law, and it is apparent from the nature of the proceedings that it was never contemplated by any one that title to either of the tracts of land in which the reinvestments were made should be put in him in any capacity, and the fact that the deeds were erroneously taken, the first to him as receiver and the last to him as trustee and receiver, did not change the character of the lands as homestead property. The deed, in so many words, conveyed the property to him as receiver or trustee, to be held as a homestead for the use of the beneficiaries of the original homestead, and at the expiration of the homestead estate to revert to the estate of Johnson. Thomason was not trustee to manage and control the property in which the investments were made. He was only appointed to make the sales and reinvestments. Nor was such property in the hands of the court, to be administered by him as receiver, further than to make the sales and reinvestments. The only duties which he had to perform, under either order of the court, were to sell the homestead property and reinvest the proceeds of the sale in other property for like uses; and as soon as he had discharged these duties, according to the order under which he was acting, he ceased to be receiver. The rule being that land paid for in full with the proceeds of a homestead is homestead property, and stands, as to exemption from sale, on the same footing as the

original homestead, though title to the same be not taken to the proper person, we see no reason why, in such a case, it should not stand on the same footing as to subjection. The homestead was subject to Thomason's judgment, and so was the reversionary interest which belonged to the estate of Johnson. P. R. Thomason, had he sought to enforce his judgment against the land levied on, would not have been estopped. Such enforcement would not have been "of a contrary tenor" to any matter of record in evidence by which he was bound. The mere fact that it appeared from the record of the court that he acted as the instrument of the court in making the sales and reinvestments was not even inconsistent with his right to enforce his execution against the lands in which the reinvestments were made. Nor would there have been any estoppel by deed; because, in addition to what has been said, such estoppel only arises against the grantor, and the contention here is that Thomason as grantee would have been estopped. Nor would he have been estopped by matter in pais; because this form of estoppel operates only where the party has done some act, not of record, or reduced to the solemn form of a deed, or used some language whereby "he has derived a benefit, or prejudiced another" (*Davis* v. *Collier*, 13 *Ga.* 485); and because no such estoppel can arise where the facts are known to both parties. 11 Am. & Eng. Enc. L. 434. It does not appear that Mrs. Johnson acted upon anything that was done or said by P. R. Thomason, to her own injury or to his benefit. The improvements she placed on the land levied upon were paid for out of the rents and profits she received therefrom, and she seems to have received the benefits from them. If P. R. Thomason would not have been estopped, then, of course, R. U. Thomason, who owned the judgment and execution, as his heir at law, was not estopped.

The facts in evidence demanded a verdict that the property was subject to the execution, and there was no error in the court so directing.     *Judgment affirmed. All the Justices concur.*