*J. F. Urquhart,* for plaintiff in error. *Walter Defore,* contra.

---

## HARTZ *v.* HARTZ.

ATKINSON, J. 1. Mere silence by one who stands by and sees another make a gift to a third person of a chattel in which he has an interest will not alone estop him from asserting his title against the donee. Civil Code, § 5736; *Cain* v. *Busby,* 30 *Ga.* 714, 722; *Goodwyn* v. *Goodwyn,* 20 *Ga.* 600 (9).

2. Where a plaintiff in an action of bail-trover complies with the statute (Civil Code, § 5157 et seq.), and the defendant, in order to keep the property found in his possession, gives bond as required by statute, and on the trial judgment goes against the defendant and the surety on his bond, finding the property for the plaintiff, the judgment will be conclusive against the surety until reversed or set aside; and he will not be allowed, in a subsequent suit instituted by him against the plaintiff in the trover suit, to go behind the judgment and assert title

to an interest in the property alleged to have existed at the time of the judgment. *Holmes* v. *Langston,* 110 *Ga.* 861 (3) (36 S. E. 251); *Waldrop* v. *Wolff,* 114 *Ga.* 610 (7), 620 (40 S. E. 830); *Glover* v. *Gore,* 74 *Ga.* 680.

3. Under the pleadings and the evidence, and especially in view of the admissions by the plaintiff, contained in paragraphs 6 and 7 of the petition, to the effect that bond was given in the trover suit "immediately after said trover petition was filed," and that another bond was executed in order to carry the case to the Court of Appeals, and that he was surety on the defendant's "bond for the pin [for which the suit was brought] the first time," it was erroneous to omit to charge the principle announced in the preceding note.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

SEPTEMBER 16, 1915.

Equitable petition. Before Judge Gilbert. Bibb superior court. March 16, 1914.

*Minter Wimberly* and *Jesse Harris,* for plaintiff in error.

*Feagin & Hancock,* contra.